

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIRLEY DIMPS,
                Plaintiff,
-against-

TACONIC CORRECTIONAL FACILITY,
NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION, NEW YORK STATE
DEPARTMENT OF CIVIL SERVICE,
CSEA, INC.,
                Defendants.

17-cv-8806 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, District Court Judge

On or about November 13, 2017, Plaintiff Shirley Dimps commenced this *pro se* action asserting claims, *inter alia*, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and a breach of contract claim. Plaintiff alleges that over the past decade she has been denied promotions on the basis of race, age, and disability and was subjected to a hostile work environment and retaliated against by her employer the New York State Department of Corrections and Community Service ("DOCCS") while employed at the Taconic Correctional Facility ("Taconic").[1] Plaintiff also asserts similar claims of discrimination based on race, age and disability against New York State Department of Civil Service ("DCS"), the state agency responsible for administering the civil service promotional exams. Herein after, Defendants DOCCS, Taconic and DCS will collectively be referred to as the "Defendants." Before the Court are Defendants' Motion to

---

[1] Plaintiff's initial complaint was filed on November 13, 2017. (ECF No. 1). Plaintiff subsequently filed an Amended Complaint on January 29, 2018. The Amended Complaint is deemed the operative complaint for the purposes of this motion.

1

Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"). (ECF Nos. 26, 56 For the following reasons, Defendants' Motion is GRANTED.

**BACKGROUND**

Plaintiff is a 64 year old African American female who suffers from hearing loss. (Am. Compl. at 4, ECF No. 4.) She has been working at Taconic for over 10 years. (Am. Compl. ¶ 3) Despite suffering from hearing loss, Taconic failed to provide Plaintiff with an accommodation. (*Id.* at ¶ 1) She alleges that due to the discriminatory practices of the Defendants she has been passed over for promotions due to age, race, and disability. (*Id.* at ¶ 2-3) Prior to commencing the instant lawsuit, Plaintiff filed a complaint with the EEOC by a letter dated August 3, 2016. (*See* Am. Compl. 13 of 23) Plaintiff received notice of her right to sue from the EEOC on August 21, 2017. (*See id.* at 17-18 of 23).

**STANDARD OF REVIEW**

A.   **Rule 12(b)(6)**

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the court must accept all of the allegations in the complaint as true, the court is not "bound to accept as true legal conclusions couched as factual allegations." *Id.* A plaintiff "armed with nothing more than conclusions" does not unlock the doors to discovery. *Id.* Determining whether a complaint states a plausible claim for relief is a

context-specific task for the court "that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. However, the "submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). In deciding a motion to dismiss, a motion "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiff ['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

**B.      Rule 12(b)(1)**

The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is "substantively identical" to the standard for dismissal under 12(b)(6). *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). Under Rule 12(b)(1), "a case is properly dismissed for subject matter jurisdiction… when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a 12(b)(1) motion to dismiss, the court may refer to evidence outside the pleadings. *Id.* "The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In assessing whether there is subject matter jurisdiction, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Id.*

3

**DISCUSSION**

Defendants first argue that Taconic should be dismissed because it is not a distinct legal entity. (Mem. of Law in Support of Mot. to Dismiss Am. Compl. ("Def. Mot.") 4, ECF No. 50) Second, the Defendants argue that Plaintiff's Title VII claims fail to state a plausible claim upon which relief can be granted. (Def. Mot. 6-10) Finally, the Defendants argue that the Plaintiff's non-Title VII claims, including the ADA, ADEA, 42 U.S.C. § 1981 and state law claims are barred by the Eleventh Amendment. (Def. Mot. 5-6) This Court agrees.

**I.    Taconic Correctional Facility**

Defendants assert that Taconic should be dismissed as a matter of law because it is not a distinct legal entity capable of being sued. (Def. Mot. 4.) In a letter seeking to add respondents to the August 2016 EEOC charge, Plaintiff herself contends that Taconic is a facility under DOCCS which is governed by DCS. (*See* Am. Compl. 21 of 23.) As a state correctional facility has no separate legal status from the agency that operates it, the Plaintiff herein is an employee of DOCCS who is assigned to Taconic. *See Rivera v. Goord*, 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000); *Trail v. New York State Dep't of Corr. & Cmty. Supervision*, No. 17-CV-7273, 2018 U.S. Dist. LEXIS 131163, at *2-*3 (S.D.N.Y. Aug. 3, 2018) (dismissing Taconic Correctional Facility as a defendant because it is not a distinct legal entity); *Davis v. City of New York*, No. 96-CV-2998, 1998 U.S. Dist. LEXIS 668, at *6 (S.D.N.Y. Jan. 20, 1998) (dismissing claims against a correctional facility because it is not a "suable entity"); 7 N.Y. Comp. Codes R. & Regs. § 100.82 (2019).[2] Accordingly, Taconic is not a proper entity subject to being sued and all claims asserted against it must be dismissed.

---

[2] *See also Alfano v. Costello*, 294 F.3d. 365, 369 (2d Cir. 2002) (describing DOCS as a correction officer's employer); *Eusanio v. Wende C.F.*, No. 97-cv-0023, 1997 WL 374209, at *1 (W.D.N.Y. June 17, 1997) (dismissing an ADA complaint against a correctional facility because the plaintiff's employer was "not [the facility] but rather DOCS").

**II.     Exhaustion**

Plaintiffs asserting Title VII, ADA, or ADEA claims must first exhaust their administrative remedies by filing a complaint with the EEOC or the equivalent state agency and obtainment of a notice of right-to-sue before filing in federal court. *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); 42 U.S.C. § 2000e-5(e)(1).[3] Exhaustion of remedies is a precondition to suit, rather than a jurisdictional requirement. *Young v. Lord & Taylor*, LLC, 937 F. Supp. 2d 346, 352 (E.D.N.Y. 2013) citing *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir.2000). Generally, a plaintiff may only pursue those claims in a district court complaint which were either included in or are "reasonably related to" the allegations contained in her EEOC charge(s). *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001). Claims "reasonably related" to the EEOC charge(s) include: (1) where the conduct complained of would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"; (2) a claim "alleging retaliation by an employer against an employee for filing an EEOC charge"; and (3) where the "plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Young v. Lord & Taylor, LLC*, 937 F. Supp. at 352 citing *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993), superseded by statute on other grounds *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir.1998) and *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir.1993).

Claims sounding in discrimination pursuant to Title VII, ADA and ADEA are deemed timely if they are filed with the administrative agency within 300 days of an alleged unlawful

---

[3] *See also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Under both Title VII and ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter.); *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) (stating ADA Title I incorporates various provisions from Title VII including administrative-exhaustion with the EEOC).

practice. *See AMTRAK v. Morgan*, 536 U.S. 101, 109 (2002); *Williams,* 458 F.3d at 69 (stating that a Title VII claimant must make an EEOC filing within 300 days of the alleged discriminatory conduct); *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x. 848, 851 (2d Cir. 2013) ("It is undisputed that a claimant pursuing claims under the ADA must file charges with the EEOC within 300 days of the purportedly unlawful acts.); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (same); 42 U.S.C. § 2000e-5(e)(1); *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 237–38 (2d Cir. 2007) (A plaintiff seeking to recover under the ADEA must file a discrimination charge with a state agency within 300 days of the occurrence of the allegedly unlawful employment practice); 29 U.S.C. § 626(d)(2).

Plaintiff asserts she filed her complaint with the EEOC on August 3, 2017.[4] (Am. Compl. at 6.) On August 16, 2017, the EEOC issued Plaintiff notice of her right to sue. (*Id.* at 17-18 of 23) Her right to sue letter indicates that she alleged claims of discrimination under Title VII, the ADA and ADEA against Taconic. Defendants contend that the Plaintiff's August 2017 EEOC charge is untimely because her amended complaint refers to over a decade of alleged misconduct. (Def. Mot. 7.) This Court agrees.

The Court notes that Plaintiff incorrectly identified Taconic, an entity not subject to being sued, as her employer in her complaint letter to the EEOC. The EEOC's right to sue letter indicates Plaintiff made complaints against Taconic alleging discrimination in violation of the ADA, ADEA and Title VII. The EEOC documents indicate Plaintiff did not name DOCCS or

---

[4] The Court notes that the Plaintiff did not include the August 2016 EEOC charge in her Amended Complaint which would have provided the specific claims against the Defendants. However, the right-to-sue letter indicates that the EEOC failed to find Taconic in violation of the ADA, ADEA, or Title VII. (*See* ECF. No. 4-18). Plaintiff's amended complaint also includes a letter to the EEOC dated Sept. 8, 2017 indicating that she alleged discrimination on the basis of Title VII, ADA, and ADEA. (*See* ECF. No. 4-21) Thus, liberally construing the Plaintiff's complaint and granting leniency to her *pro se* status, the Court finds that the Plaintiff alleged Title VII, ADA, and ADEA claims in her August 2016 EEOC charge.

DSC in her charge letter. In her amended complaint, Plaintiff makes multiple conclusory allegations of discrimination on the basis of race, age, and disability. Plaintiff broadly asserts that she has been passed over for promotions "for nearly/more than a decade" in favor of younger employees but fails to specify any jobs to which she applied and was rejected. (*See* Am. Compl. ¶ 2.) She claims that the DCS civil service exam is discriminatory and alleges that the she has been a victim of the "One in Three Rule" which allows employers to promote lower-scoring individuals. (*See* Am. Compl. ¶ 8-10) She identifies DSC as the state authority responsible for developing and administering examinations for civil service positions. *(Id.)* She does not, however, identify DSC as her employer. She also fails to provide any other relevant facts such as which civil service exam(s) she has taken, her exam results, the positions she has applied for, whether or not she was qualified, her eligibility, or any details about the individuals that were allegedly promoted in her stead. (*Id.*)

Plaintiff alleges she made an accommodation request for her hearing loss, was denied an accommodation, and was subjected to retaliation. (Am. Compl. ¶ 1) She provides no other information supporting this claim such as when she made the request for an accommodation, the type of accommodation requested, to whom she made the request, and what if any response she received from her employer. Plaintiff's retaliation claim for seeking an accommodation is likewise conclusory in nature, failing to provide sufficient factual support. Plaintiff does not provide any date(s), how she was retaliated against, nor does she provide facts to show a causal connection between the plaintiff's protected activity and the adverse employment action.

Plaintiff's failure to provide dates is problematic. Without the benefit of the dates, it is impossible to determine whether any of the claims alleged in her August 3, 2016 EEOC charge letter were timely. To the extent Plaintiff asserts claims pursuant to ADA, ADEA and Title VII

7

(and related claims) that accrued more than three (300) days before August 3, 2017, the Court finds that Plaintiff failed to timely exhaust her administrative remedies for said claims. Similarly, to the extent Plaintiff failed to name DOCCS as a defendant in her EEOC charge letter, the Court finds Plaintiff failed to exhaust her administrative remedies.

A.  **Title VII: Failure to Promote**

In order to establish a claim for the failure to promote, a Title VII Plaintiff must demonstrate: (1) that she is a member of a protected class; (2) that she applied and was qualified for the position in question; (3) that she was rejected for the position; and (4) that the position remained open and the employer continued to seek applicants having the plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Brown v. Coach Stores*, 163 F.3d 706, 709 (2d Cir. 1998). If the plaintiff succeeds in establishing a prime facie case, the burden then shifts to the defendant "to articulate some non-discriminatory reason for the plaintiff's rejection." *McDonnell Douglas,* 411 U.S. at 802. Should the defendant carry this burden, the plaintiff has an opportunity to prove that the defendant's reasons were illegitimate and a pretext for discrimination. *Id.* at 804.

The Defendants do not argue that Plaintiff meets the first element of her claim. Plaintiff is an African American female, approximately sixty-four (64) years old and purports to suffer from hearing loss in both ears. Defendants contend that Plaintiff is unable to meet the requisite four remaining elements. (Def. Mot. 7.) Plaintiff states in conclusory fashion that she was denied unidentified promotions due to her age because of Defendants' bias toward younger employees. (*See* Am. Compl. ¶ 3) However, Plaintiff fails to identify any of the positions she applied for, the exams she purportedly took and passed, how she was qualified, if and when she was rejected for a position, the individuals that were promoted in her stead and their age, or whether the

position(s) remained open and Defendants continued to seek applicants having her qualifications. Thus, her allegations fail to meet the requisite elements to establish a plausible claim for failure to promote. Accordingly, Plaintiff's claim must be dismissed.

## B.     Title VII: Hostile Work Environment

In order to prevail on a hostile work environment claim, a Plaintiff must demonstrate: "(1) that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2005). The test is both objective and subjective. *See id*. at 374; *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). "The misconduct must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." *Alfano*, 294 F.3d at 374 citing *Harris,* 510 U.S. at 21. Further, in order for incidents to be deemed pervasive, they must be more than episodic and "sufficiently continuous and concerted." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997); *Kotcher v. Rosa & Sullivan Appliance Center, Inc.*, 957 F.2d 59, 62 (2d Cir. 1992); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1189 (2d Cir. 1987). Isolated acts will not meet the threshold unless the single act is "severe enough" to establish a hostile working environment. *Brennan v. Metropolitan Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999). Thus, "a plaintiff alleging a hostile work environment 'must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted' to have altered the conditions of her working environment." *Alfano*, 294 F.3d at 374 citing *Cruz v. Coach Stores, Inc.*, 202 F. 3d 560, 570 (2d Cir. 2002).

The Defendants assert that the Plaintiff's claim should be dismissed because she fails to allege any severe or pervasive harassment or connect any alleged harassment to her race, age, or disability. (Def. Mot. 8) This Court agrees. The Plaintiff's amended complaint is unsupported by any factual allegations giving rise to her claim. Plaintiff merely states that she has been "treated [disparately] than other similar[ly] situated employees at TCF who were not African Americans." (*See* Am. Compl. at ¶ 2) Accordingly, the Court finds that Plaintiff failed to sufficiently plead a plausible hostile work environment claim and it must be dismissed.

**C.     Title VII: Retaliation**

In order to establish a claim for retaliation under Title VII, the Plaintiff must allege: (1) that she engaged in a protected activity; (2) that the defendant knew she engaged in a protected activity; (3) that the defendant took an adverse employment action against her; and (4) that there was a causal connection between the plaintiff's protected activity and the adverse employment action. *Jute v. Hamilton*, 420 F.3d 166, 173 (2d Cir. 2005). "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000). Section 704(a) of Title VII, which contains both an opposition and participation clause, makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Townsend v. Benjamin Enters.*, 679 F.3d 41, 48 (2d Cir. 2012); *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) (same); 42 U.S.C. § 2000e-3(a)). An actionable adverse employment action is "a materially significant disadvantage with respect to the terms of the plaintiff's employment." *Williams v. R.H. Donnelly, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004); *see also Galabya v. New York Bd. of*

*Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) ("A materially adverse change might be indicated by termination of employment, a demotion evidenced by decrease in wage or salary, a less distinguished title, a material loss of benefits… or other indices…unique to the situation).

Plaintiff broadly asserts that she faced retaliation due to her disability and accommodation request. (Am. Compl. ¶ 1) The Defendants argue that the Plaintiff has failed to identify her involvement in a protected activity or identify an individual that was part of the alleged retaliatory decision to "pass over" her for promotions. (Def. Mot. 9) Further, Defendants contend there are no facts showing a causal connection because the Plaintiff has failed to identify a time frame for these actions. (*Id*.) This Court agrees. Her claim is merely asserted in a conclusory fashion. Thus, the retaliation claim must be dismissed.

### III. ADA: Failure to Accommodate Claim

While the Court has already found that the Plaintiff failed to timely exhaust her ADA claim, it will nevertheless explain why the Plaintiff's amended complaint failed to sufficiently plead a plausible claim for failure to accommodate. To establish a claim for failure to accommodate, a plaintiff must allege "(1) [s]he is disabled within the meaning of the ADA; (2) [her] employer is a covered entity; (3) [s]he could perform the essential functions of the job with an accommodation; and (4) the defendants refused to provide such an accommodation despite being on notice." *Fox v. Costco Wholesale Corp.,* No. 17-cv-0936, 2019 U.S. App. LEXIS 6714, at *14 (2d Cir. Mar. 6, 2019); *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96-97 (2d Cir. 2009). For an impairment to meet the definition of "disability" under the ADA two requirements must be met: the impairment must limit a major life activity and the limitation must be substantial. *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); 42 U.S.C. § 12102(2)(A). The EEOC defines "major life activities" as "functions such as caring for oneself,

11

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* quoting 29 C.F.R. §1630.2(i); *see also EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 74 (2d Cir. 2003) (same). The term "essential functions," while not defined by statue, is generally defined to mean "duties to be performed in the position in question, but not functions that are merely 'marginal.'" *Kinneary v. City of New York*, 601 F.3d 151, 156 (2d Cir. 2010) citing *Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997).

The Plaintiff suffers from hearing loss in both ears (Am. Compl. 4) and states in a conclusory fashion that the instant lawsuit stems from Defendant's retaliation of her accommodation request. (Am. Compl. ¶ 1) For purposes of the ADA, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment;" or "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). Hearing loss is major life activity within the meaning of the ADA (see *Fall v. New York State United Teachers*, 289 F. App'x 419, 421 (2d Cir. 2008)), however, Plaintiff does not indicate the extent of her hearing loss. *Fall v. New York State United Teachers*, 289 F. App'x at 421 (2d Cir. 2008) (Granting of summary judgment to defendant due to plaintiff failure to proffer evidence demonstrating the extent of her hearing loss was substantial.) Her Amended complaint merely indicates she suffer from hearing loss in both ears.

Even assuming Plaintiff's claim of a hearing loss is sufficient to the extent that the facts support a finding that her alleged disability is substantial, Plaintiff's claims still fails. Plaintiff does not identify facts about her position, what if any accommodation she requested, whether she can perform the essential functions of her job with an accommodation and whether or not her

employer was put on notice of her disability.[5] Other than to state that Taconic and DOCCS discriminated against Plaintiff due to disability (hearing loss), retaliated against her in response to her request for an accommodation, the Amended Complaint is void of any facts supporting a plausible claim. Accordingly, Plaintiff's failure to accommodate claim must be dismissed.

## IV. ADEA: Age Discrimination Claim

The ADEA makes it unlawful for an employer to discriminate against an individual aged 40 or older "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000); 29 U.S.C. § 623(a)(1). In order to establish a claim under the ADEA, a plaintiff must show: (1) she was within the protected age group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment decision, and (4) the decision/discharge took place under circumstances giving rise to an inference of discrimination.[6] *Id.*; *Austin v. Ford Models*, Inc., 149 F.3d 148, 152 (2d Cir. 1998); *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir. 1994). The evidence necessary to satisfy this initial burden is minimal. *Carlton v. Mystic Transp., Inc.*, 202 F. 3d 129, 134 (2d Cir. 2000).

While the Plaintiff meets the first element, she fails to satisfy the remaining pleading requirements.[7] The Plaintiff asserts that she was denied promotions due to her age for over a decade. (Am. Compl. ¶ 2) However, Plaintiff fails to indicate whether she passed the requisite

---

[5] *See Fox v. Costco Wholesale Corp.,* No. 17-cv-0936, 2019 U.S. App. LEXIS 6714, at *14 (2d Cir. Mar. 6, 2019) (dismissing Plaintiff's failure to accommodate claim because the Defendants were not put on notice that Plaintiff's neurological condition would be worsened by being transferred to a position he previously held); *Ray v. Weit*, 708 Fed. App'x. 719, 721 (2d Cir. 2017) (finding that dismissal of the Appellant's claim was proper because the accommodations she requested had nothing to do with the ability to perform the essential functions of her job).
[6] The *McDonnell-Douglas* burden shifting analysis (discussed in Part II. A *supra*) is "the Supreme Court's own example of facts sufficient, in the Supreme Court's own words to give rise to an inference of unlawful discrimination." *Fisher v. Vassar College*, 114 F.3d 1332, 1367, n.1 (2d Cir. 1997); *see also Byrnie v. Town of Cromwell Bd. of Educ.*, 24 F.3d 93, 101 (2d Cir. 2001) (stating that a plaintiff alleging a violation of either age or sex discrimination utilizes the same *McDonnell-Douglas* burden shifting framework).
[7] Plaintiff is 64 years old. (*See* Am. Compl. at ¶ 3)

civil service exams. (Am. Compl. ¶ 9) The amended complaint lacks any specifications regarding the promotions such as what the position was, when she applied, how she was qualified, or any facts regarding the individuals that were promoted. Lastly, Plaintiff fails to assert facts, other than in conclusory fashion, that the decision not to promote was made under circumstances giving rise to an inference of discrimination. Accordingly, the Court finds that the ADEA claim must be dismissed.

**V.    42 U.S.C. § 1981**

To establish a claim under 42 U.S.C. § 1981, plaintiffs must allege: (1) that they are a member of a protected class; (2) the defendant's intent to discriminate on the basis of race and; (3) discrimination concerning one of the statutes enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999). Under Section 1981, only intentional racial discrimination is prohibited. *Id.*; *see also Albert v. Carovano*, 851 F.2d 561 (2d Cir. 1988) ("Essential to an allegation under Section 1981 are allegations that the defendant's acts were purposefully discriminatory and racially motivated.") (internal citations omitted). The statutes' "enumerated activities" include rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all the laws and proceedings for the security of persons and property." *Brown*, 221 F.3d at 339 quoting 42 U.S.C. § 1981. To survive a motion to dismiss, a plaintiff asserting a 42 U.S.C. § 1981 claim must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent. *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 272–73 (S.D.N.Y. 2007); *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir.1994); *see also Albert v. Carovano*, 851 F.2d 561, 571–72 (2d Cir.1988). Mere naked assertions lacking facts upon which

a court would find a violation of discrimination fails to state a claim under Rule 12(b)(6). *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978).

Plaintiff asserts in a conclusory fashion that Defendants discriminated against her on the basis of race by treating her disparately than similarly situated employees that were not African American. (Am. Compl. ¶ 2) However, she fails to alleged additional facts supporting an inference of intentional discrimination by Defendants. Moreover, Plaintiff fails to allege discrimination based on an enumerated activity. Accordingly, the Court finds that the Plaintiff has failed to plead a plausible claim under 42 U.S.C. § 1981 and thus must be dismissed.

## VI. NYSHRL and NYCHRL Claims

The Plaintiff also raises Title VII, ADA, and ADEA claims under New York State Human Rights Law, Executive Law § 296 and New York City Human Rights Law, Administrative Code § 8-107 *et seq*. (Am. Compl. ¶ 4-5) The pleading standards for employment discrimination claims raised under NYSHRL mirror the pleading requirements under Title VII, the ADA, and ADEA. *See Pucino v. Verizon Wireless Commc'ns, Inc.,* 618 F.3d 112, 117 n.2 (2d Cir. 2010) ("We review discrimination claims brought under NYSHRL according to the same standards that we apply to Title VII discrimination claims."); *George v. Prof'l Disposables Int'l, Inc.*, No. 15-CV-03385, 2016 U.S. Dist. LEXIS 72912, at *24 (S.D.N.Y. June 1, 2016) ("The elements of a failure to accommodate claim under the NYHRL mirror those of the ADA"); *Sutera v. Schering Corp.*, 73 F.3d 13, 16, n.2 (2d Cir. 1995) (explaining that ADEA claims under NYHRL are analyzed using the same *McDonnell Douglas* burden-shifting framework). As such, the Court need not undertake a separate analysis of Plaintiff's state law discrimination claims as their viability is the same as her federal claims. Further, because the Court finds the Plaintiff

15

failed to plead plausible federal or state causes of action, her NYCHRL claim is also dismissed. Accordingly, the Court finds that the Plaintiff's state and municipal claims are dismissed.

## VII. Breach of Contract Claim

In order to state a breach of contract claim under New York law in federal court the plaintiff's complaint need only allege (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1149 (S.D.N.Y. 1996). In her Amended Complaint, Plaintiff asserts "[t]he Breach of Contract under Pendant [Supplemental] Jurisdiction. Related claims under New York Law…."[8] (*See* Am. Compl. ¶ 1) Additionally, in the prayer for relief section, she seeks a declaratory judgment that Defendants breached their "Contract of Implied Duty of Good Faith and Fair Dealing." (Am. Compl. 6A-e), To the extent Plaintiff attempts to allege a breach of contract claim, such claim fails. Plaintiff does not allege any other facts supporting each of the elements of a contract cause of action. Plaintiff does not identify which, if any of the named Defendants breached their duty, whether there was adequate performance by Plaintiff, which acts constitute a breach, and which agreement.

## VIII. Immunity from Non-Title VII Claims

The Defendants assert that the State and its agencies are immune from the Plaintiff's ADA, ADEA, 42 U.S.C. § 1981, State and City Human Rights Law, and breach of contract claims. (Def. Mot. 5) Defendants do not contest that the Plaintiff's claims arise under federal law. (Reply Mem. of Law in Support of Mot. to Dismiss Am. Compl. 2, ECF No. 61)

---

[8] The Plaintiff seems to suggest that the Court has supplemental jurisdiction over her contract claim without providing any additional facts. (*See* Am. Compl. ¶ 1)

16

The Eleventh Amendment bars claims by an individual against a state in federal court absent waiver or abrogation. *Edelman v. Jordan*, 415 U.S. 651, 673 (1964); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 451-52 (1976). Immunity applies to claims arising under state and federal law in the absence of a state statue explicitly waiving the states' immunity to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). This immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of the state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

To determine whether Congress properly abrogated states' Eleventh Amendment Immunity, two questions are asked: (1) did Congress "unequivocally express its intent to abrogate immunity?" and (2) did Congress act pursuant to constitutional authority? *Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996). Regarding the ADEA, the Supreme Court found the answer to the first question to be "yes," stating the plain language of the ADEA "clearly demonstrates Congress' intent to subject the States to suit for money damages at the hands of individual employees." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 74 (2000). However, in applying a "congruence and proportionality" test, the Court found the answer to the second question to be "no" and that states may discriminate on the basis of age if it is rationally related to a legitimate state interest because age is not a suspect class. *Id.* at 91. The following term, the Supreme Court held that Congress did not act within its constitutional authority by subjecting States to suits in federal court for money damages under the ADA.[9] *Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 (2001).

In regard to the NYSHRL claim, "New York has not waived its sovereign immunity from

---

[9] The Plaintiff's amended complaint requests damages "retroactive to the start date of the unlawful practices and to otherwise render her whole for all and any losses sustained and suffered as a result of Defendants unlawful employment practices." (Am. Compl. 6A-g)

ADA, § 1981... or [New York State Human Rights Law] claims in federal court... nor has Congress abrogated state sovereign immunity from discrimination claims brought pursuant to the ADA or § 1981." *Jackson v. Battaglia,* 63 F.Supp.3d 214, 220 (N.D.N.Y. 2014) (citing collected cases). Similarly, the Court does not have jurisdiction over the NYCHRL claim because the city does not have the authority to abrogate the State's sovereign immunity and the State has not consented to suit in federal court under NYCHRL. *Feingold v. New York,* 366 F.3d 138, 149 (2d Cir. 2004).

All of Plaintiff's claims have been dismissed due to Plaintiff's failure to provide facts supporting essential elements of her claims warranting a finding of plausibility. Nevertheless, the Court finds that the Defendants would be entitled to dismissal based on qualified immunity for Plaintiff's ADA, ADEA, 42 U.S.C. § 1981, state, and municipal human rights law, and breach of contract claims as against the DOCCS and DSC.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in its entirety. All claims asserted against Defendants DOCCS, Taconic and DSC are deemed dismissed. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 49 and 56, to mail a copy of this Opinion to *pro se* Plaintiff, and to show proof of service on the docket.

Dated: March 20, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge