UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIRLEY DIMPS,

              Plaintiff,

   -against-

TACONIC CORRECTIONAL FACILITY
NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, NYS
DEPARTMENT OF CIVIL SERVICE, and CSEA, INC.,

              Defendants.

17-cv-08806
OPINION & ORDER

**NELSON S. ROMÁN, United States District Judge**

      Plaintiff Shirley Dimps ("Plaintiff") commenced this action asserting claims, *inter alia*, against her union, Defendant Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter referenced as "CSEA" or "Defendant"), for an alleged breached of its duty of fair representation. (ECF No. 4, Am. Compl.) Plaintiff alleges that she was discriminated against by her employer, the New York State Department of Corrections and Community Supervision ("DOCCS"), and the New York State Department of Civil Service ("DCS") while employed at the Taconic Correctional Facility ("Taconic"). Plaintiff alleges CSEA purportedly failed to fairly and in good faith represent and/or advocate on her behalf in her employment grievances. (*See* Am. Compl., ¶¶ 11-12.) Presently before the Court is Defendant CSEA's motion to dismiss all claims asserted against it pursuant to Fed. R. Civ. P. §§ 12(b)(1) ("Rule 12(b)(1)") and (6) ("Rule 12(b)(6)"). (ECF No. 22.) For the following reasons, Defendant's motion is GRANTED.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/2019

1

## PROCEDURAL HISTORY

Plaintiff commenced this action on or about November 13, 2017 asserting federal and state law claims for discrimination and hostile work environment under Title VII, 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; 29 U.S.C. §§ 621-634; and 42 U.S.C. §§ 12101-12213; N.Y. Exec. Law §§ 290-297, and N.Y. City Admin. Code §§ 8-101 to 131 against Taconic. (ECF No. 1, Compl.) On January 29, 2018, Plaintiff filed an amended complaint asserting similar claims of discrimination and hostile work environment against Taconic, DOCCS and DCS,[1] and for unfair representation against CSEA. (*See* Am. Compl., ¶¶ 1-11.) Plaintiff alleges that her employer(s) failed to promote her due to her race, age and disability, failed to provide an accommodation based on a disability, retaliated against her, and harassed her and/or created a hostile work environment. (*Id.*) Plaintiff alleges that she filed grievances with CSEA and that the grievances were denied. (*Id.*)

Plaintiff's unfair representation claims are asserted pursuant to the New York Civil Service Law ("N.Y. Civ. Serv. Law") § 200, et seq. (the "*Taylor Law*"). Plaintiff asserts that CSEA breached its duty of fair representation when she complained of discrimination, harassment and retaliation at her place of employment, Taconic. Defendant CSEA moves to dismiss all claims against it on the basis of lack of subject matter jurisdiction, Rule 12(b)(1), and failure to state a claim upon which relief may be granted, Rule 12(b)(6).

## RELEVANT LAW

### I.      Rule 12(b)(1)

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a Rule 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Alliance for Envt'l Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d

---

[1] The nature of Plaintiff's claims against her employer are provided for background information only.

82, 87-88 (2d Cir. 2006). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC,* 663 F.3d 89, 94 (2d Cir. 2011) (citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir 2000)). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a court must decide a Rule 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison*, 547 F.3d at 170. While a Court must accept all factual allegations in Plaintiff's complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See *Makarova,* 201 F.3d at 113.

Federal courts have typically exercised jurisdiction over state court claims pursuant to diversity jurisdiction (28 U.S.C. § 1332) or supplemental jurisdiction (28 U.S.C. § 1367). Diversity jurisdiction involves actions between citizens of different States, citizens of a State and citizens or subjects of a foreign state or citizens of different States and in which citizens or subjects of a foreign state are additional parties. *Coudert Bros. v. Easyfind Int'l, Inc*., 601 F. Supp. 525, 526 (S.D.N.Y. 1985); 28 U.S.C. § 1332(a). Supplemental jurisdiction [formerly referred to as Pendent jurisdiction] is the authority of a federal court to exercise jurisdiction over a nonfederal claim between parties litigating other matters properly before the court, or the addition of an independent party when the claim against that party arises out of the same common nucleus of operative facts as the claims against the other named parties. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546 (2005); *Finley v. United States*, 490 U.S. 545, 548-49 (1989) (citing *United Mine Workers of*

*Am. v. Gibbs*, 383 U.S. 715 (1966)); 28 U.S.C. § 1367(a). The Court in *Mine Workers* held that

"[Supplemental] jurisdiction, in the sense of judicial *power,* exists whenever there is a claim

'arising under [the] Constitution, the Laws of the United States...,' and the relationship between that

claim and the state claim permits the conclusion that the entire action before the court comprises but

one constitutional 'case.'" Id. at 725. The requisite relationship exists when the federal and

nonfederal claims "derive from a common nucleus of operative fact" and are such that a plaintiff

"would ordinarily be expected to try them in one judicial proceeding." *Finley*, 490 U.S. at 548-49.

A federal court may properly dismiss a claim for which it originally had supplemental jurisdiction if

"the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367.  Federal courts have held that claims raising novel and complex questions of state law are

better left for the state courts to resolve and have generally declined to exercise jurisdiction. See

*Donohue v. Mangano*, 886 F. Supp. 2d 126, 148 (E.D.N.Y. 2012) citing *Seabrook v. Jacobson*, 153

F.3d 70, 71 (2d Cir. 1998).

The *Taylor Law*, formerly known as the New York State Public Employees' Fair

Employment Act, was enacted to promote harmonious and cooperative relationships between

government and its employees and to protect the public by assuring, at all times, the orderly and

uninterrupted operations and functions of state government. N.Y. Civ. Serv. Law § 200. Plaintiff

asserts that CSEA violated the, N.Y. Civ. Serv. Law §§ 209-a. 2(a), (b), and (c) of the *Taylor Law.*

N.Y. Civ. Serv. Law § 209-a. 2(a)-(c) provides in relevant part:

> It shall be an improper practice for an employee organization or its agents deliberately (a) to
> interfere with, restrain or coerce public employees in the exercise of the rights granted in section
> two hundred two, or to cause, or attempt to cause, a public employer to do so provided,
> however, that an employee organization does not interfere with, restrain or coerce public
> employees when it limits its services to and representation of nonmembers in accordance with
> this subdivision; (b) to refuse to negotiate collectively in good faith with a public employer,
> provided it is the duly recognized or certified representative of the employees of such employer;
> or (c) to breach its duty of fair representation to public employees under this article.

Plaintiff's only claim against CSEA, her labor union, is for alleged violation of the *Taylor Law* for unfair representation. N.Y. Civ. Serv. Law § 205(5)(d) provides in relevant part that the New York State Public Relations Board ("PERB") shall possesses exclusive, primary, non-delegable jurisdiction over claims asserted under the *Taylor Law*. See *Ifill v. New York State Court Officers Ass'n*, 655 F. Supp. 2d 382, 392 (S.D.N.Y. 2009) citing *Zuckerman v. Bd. of Educ. of City Sch. Dist. of City of New York*, 44 N.Y.2d 336 (1978) ("[A]n improper labor practice ... is within the exclusive jurisdiction of PERB."). Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's claim requiring dismissal.

Defendant also seek dismissal of Plaintiff's claim on the basis that the claim is barred by collateral estoppel and res judicata. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984). The doctrine of collateral estoppel applies to quasi-judicial determinations of administrative agencies. *Id.* at 499; *Yoonessi v. State*, 289 A.D.2d 998, 999 (4th Dept. 2001).

The doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 169 (2d Cir. 2012); see also *Highlands Ctr., LLC v. Home Depot U.S.A., Inc.*, 149 A.D.3d 919, 921 (2d Dept. 2017). To substantiate the defense of res judicata, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the

subsequent action were, or could have been, raised in the prior action." *Graham v. Select Portfolio Serv., Inc.*, 156 F. Supp. 3d 491, 509 (S.D.N.Y. 2016) (quoting *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001)). Furthermore, this Court must refer to New York State law "which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

In support of their motion, Defendant cites to *Yoonessi* to support the argument that Plaintiff's claim is barred by res judicata. In *Yoonessi*, the claimant alleged that his union breached its duty of fair representation by failing to adequately defend him at an arbitration with his employer and by failing to pursue eight other grievances in arbitration. 289 A.D.2d at 998. The plaintiff in *Yoonessi* also filed an improper practice charge with PERB alleging breach of duty of fair representation. PERB dismissed the charge after concluding that the union did not breached its duty of fair representation. Id. at 1000.

Defendant asserts that Plaintiff previously filed a complaint with PERB wherein she asserted similar claims of unfair representation. Purportedly Plaintiff's claims were ultimately dismissed on June 9, 2017. Defendant, however, fails to submit any documentation in support of its contention. Absent documentation upon which judicial notice may be taken, the Court is unable to determine the applicability of the doctrine of res judicata or issue preclusion of Plaintiff's claim.

## II.     Rule 12(b)(6)

Though the Court need not provide further analysis because Plaintiff's complaint has been dismissed for a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), in an abundance of caution the Court will discuss the applicability of Rule 12(b)(6).

Rule 12(b)(6) provides in relevant part that a complaint may be dismissed it fails to state a claim upon which relief can be granted. The inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* (*quoting Twombly,* 550 U.S. at 555). A court is not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly,* 550 U.S at 555.

A *pro se* complaint is to be read liberally and held to "less stringent standards" than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (noting that "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'") Nonetheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006). In addition, even plaintiffs who are proceeding *pro se* must comply with any relevant procedural and substantive rules, and, to

survive a motion to dismiss, a *pro se* complaint, like any other complaint, must plead enough facts "to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678. In other words, a plaintiff is required to amplify a claim with some factual allegations so as to allow the Court to draw the reasonable inference that the defendant is liable for the alleged conduct. *Ajaj v. Fritz*, 2011 WL 924213, at *4 (S.D.N.Y. Mar. 16, 2011). In deciding a motion to dismiss, a motion "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiff ['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Plaintiff alleges that Defendant CSEA breached its duty of fair representation. A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); see also *Civil Serv. Bar Ass'n v. City of New York*, 64 N.Y.2d 188 (1984). Allegations that a union representative negligently gave a union member incorrect advice fails to state cause of action for breach of duty of fair representation. *Smith v. Sipe*, 67 N.Y.2d 928 (1986). A bare statement that union members were treated differently than other union members is not enough to show unfair representation. *Anderson v. AMBAC Indus., Inc*., 48 A.D.2d 845, 845 (1975), aff'd, 40 N.Y.2d 865 (1976). A showing that a union is guilty of mistake, negligence or lack of competence does not suffice to support a claim of unfair representation. See *DeOliveira v. New York State Pub. Emp't Relations Bd*., 133 A.D.3d 1010, 1012 (3d Dept. 2015) (citing *Braatz v. Mathison*, 180

A.D.2d 1007, 1008 (3d Dept. 1992) (internal citations omitted)). Factual allegations that the union unfairly processed the grievance, failed to investigate relevant information, and misrepresented claimant's employment records are sufficient to establish conduct on the part of the union that was arbitrary, discriminatory, or in bad faith. *Shah v. State*, 140 Misc. 2d 16, 21 (Ct. Cl. 1988). Plaintiff's conclusory allegations lacking in any specificity falls short of demonstrating that CSEA's allege failure to represent was arbitrary, discriminatory, or in bad faith.

Additionally, "[a]n individual employee does [not] have an absolute right to have his grievance taken to arbitration regardless of the provision of the applicable collective bargaining agreement*." Vaca,* 386 U.S. at 191. "A union has discretion with respect to processing grievances and is not required to pursue every grievance and avail itself of grievance level at its disposal. *Kleinmann v. Bach*, 195 A.D.2d 736, 738 (3d Dept. 1993); *Mellon v. Benker,* 186 A.D.2d 1020, 1021 (4th Dept. 1992). "Mere failure on the part of the union to process a grievance is not per se a violation of its duty of fair representation." *Mellon*, 186 A.D.2d at 1020. CSEA has no duty to respond to Plaintiff's grievances and ensure that it proceeds through all levels of the grievance process. CSEA can handle the grievances as it sees fit, as long as there is no "fraud, deceitful action, or dishonest conduct, or evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Mellon*, 186 A.D.2d at 1021 (citing *Badman v Civil Serv. Empls. Ass'n*, 91 A.D.2d 858 (4th Dept. 1982)). Therefore, Plaintiff's assertion that her grievances have been denied and not allowed to go to all levels of the grievance process is not sufficient to raise a plausible cause of action.

## III.    Proposed Amended Complaint

In opposition to Defendant's motion to dismiss, Plaintiff appears to suggest that she wishes to amend her pleadings. In her proposed amended pleading, Plaintiff requests that the Court grant

her all protections under the Fourteenth Amendment. Her proposed amended pleading, however, contains no factual allegations. (ECF No. 24.) Fed. R. Civ. P. § 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." "Leave to amend, though liberally granted, may properly be denied for: ' undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and/or] futility of amendment.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d. Cir. 2008) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff's proposed amendment would be nothing short of futile for all the reasons previously discussed. Accordingly, Plaintiff's motion to amend her pleadings is denied.

## CONCLUSION

For the foregoing reasons, Defendant CSEA's Motion to Dismiss is GRANTED.[2] Plaintiff's attempt to file a Second Amended Complaint is denied. By Opinion dated March 20, 2019, the Court dismissed all claims asserted against Taconic, DOCCS and DCS. (ECF No.71.) The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22, to terminate the action, and to mail a copy of this Opinion and Order to Plaintiff and to show proof on the docket of said mailing.

Dated: March 25, 2019  
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

---

[2] Defendant raises multiple other grounds upon which Plaintiff's operative complaint should be dismissed. For the sake of judicial economy and restraint, the Court need not address all issues raised.