UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shirley Dimps,

                         Plaintiff,

   -against-

TACONIC CORRECTIONAL FACILITY, NYS DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, NYS DEPARTMENT OF CIVIL SERVICE, AND CSEA, INC.,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2023

17-cv-8806 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

      On February 5, 2020, the Second Circuit issued a Summary Order (C.A. No. 19-0975-cv; ECF No. 80) vacating the Court's March 27, 2019 judgment (ECF No. 74) to the extent it denied Plaintiff leave to amend her Title VII claims against the New York State Department of Corrections and Community Supervision ("DOCCS"). The Second Circuit, however, affirmed the Court's dismissal of Plaintiff's American with Disabilities Act ("ADA"), the Age Discrimination and Employment Act ("ADEA"), and 42 U.S.C. § 1981 claims against Taconic Correctional Facility ("Taconic"), the New York State Department of Correction and Community Supervision ("DOCCS"), the New York State Department of Civil Service ("DCS") (together, the "State Defendants"), and the Civil Service Employees Association, Inc. ("CSEA"). (ECF No. 80 at 2.) The Second Circuit also found that Plaintiff "does not indicate that she can state valid ADA, ADEA, or [42 U.S.C.] § 1981 claims against individual DOCCS supervisors and, thus, there is no reason to grant leave to amend those claims." (*Id*. at 4 n.2)

Following the Second Circuit's Summary Order, the Court reopened the case and issued an order on February 7, 2020 directing Plaintiff to file a Second Amended Complaint by March 23, 2020 that alleges Title VII claims against DOCCS. (ECF No. 77.) Because Plaintiff failed to file a Second Amended Complaint by that deadline, the Court issued an order to show cause for want of prosecution on February 2, 2023. (ECF No. 88.) The Order to Show Cause was vacated after Plaintiff wrote to the Court indicating that she intended on filing a Second Amended Complaint and wanted to continue prosecuting her case. (ECF No. 91.) Following requests for extensions, which the Court granted, Plaintiff's deadline to file her Second Amended Complaint was on May 8, 2023. (ECF No. 95.) On May 5, 2023, Plaintiff filed a Second Amended Complaint (ECF No. 96.)

However, on May 8, 2023, Plaintiff file a letter asking the Court to add a paragraph to the Statement of Facts in her Second Amended Complaint. (ECF No. 97.) In addition, in a separate letter dated May 8, 2023, Plaintiff seeks leave to file a Third Amended Complaint to assert her claims for violations under the ADA, ADEA, and Section 1981, against individual DOCCS supervisors (ECF No. 98.). Plaintiff also renews her request for *pro bono* counsel. (*Id*.)

For the reasons stated below, the Court DENIES Plaintiff's request to seek leave to file her Third Amended Complaint to assert her proposed ADA, ADEA, and Section 1981 claims, and DENIES her request for *pro bono* counsel.

**I.   Leave to File a Third Amended Complaint**

Plaintiff filed her Second Amended Complaint on May 5, 2023. However, in her May 8, 2023 letter, she now argues that because she is receiving assistance from the New York Legal Assistance Group's *pro se* litigants clinic, she now may be able to state a valid claim for ADA,

ADEA, Section 1981 violations against individual DOCCS supervisors and/or DOCCS. (ECF No. 98.).

Plaintiff acknowledges that the Second Circuit denied leave to amend those claims (*id*. at 4), but states that she "do[es] not agree with the entire decision of the U.S. Courts of Appeals because no trial occurred in the District Court, so how can it be "AFFIRMED" legally." (ECF No. 98 at 6.) Plaintiff appears to have sought a petition for writ of certiorari before the Supreme Court, which was denied on October 5, 2020. *See Dimps v. Taconic Corr. Facility*, 208 L. Ed. 2d 92, 141 S. Ct. 365 (2020)

Given that the Second Circuit has already found that Plaintiff should not be granted leave to amend her pleadings in order to assert ADA, ADEA, Section 1981 violations against individual DOCCS supervisors and/or DOCCS, the Court will abide by that ruling and DENY Plaintiff's request to amend her pleadings in the way she proposes.[1]

Accordingly, the Court will deem the Second Amended Complaint filed on May 5, 2023 as the operative complaint, but will also GRANTS Plaintiff's request to add a paragraph to the Statement of Facts as specified in her May 8, 2023 letter docketed at ECF No. 97. Moving forward, Plaintiff may not attempt to amend her pleadings in piecemeal manner, and such requests will be denied.

    **II.**    **Request for *Pro Bono* Counsel**

Plaintiff had previously requested *pro bono* counsel, which was denied on February 14, 2018. (*See* ECF No. 10.) Plaintiff now renews her request for pro bono counsel.

---

[1] In addition, Plaintiff, while proceeding is *pro se*, is still "required to inform [herself] regarding procedural rules . . ." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (citing *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)). Plaintiff complains that her claims were dismissed even though "no trial occurred." (ECF No. 98 at 6.) Plaintiffs misunderstands the lifecycle of her case. Plaintiff is obligated to be informed of the current stage of her matter, which is still in the pleadings phase and not at the trial phase. Plaintiff is strongly encouraged to consult with the New York Legal Assistance Group for guidance.

3

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and [her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

Plaintiff only recently filed her Second Amended Complaint, and Defendants have not yet responded to the pleadings. At this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are

particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

## **CONCLUSION**

For the reasons discussed above, the Court DENIES Plaintiff's request to amend her pleadings in order to assert ADA, ADEA, Section 1981 violations against individual DOCCS supervisors and/or DOCCS. The Court also DENIES Plaintiff's request for *pro bono* counsel, without prejudice to renew at a later time. Lastly, the Court GRANTS Plaintiff's request to Plaintiff's request to add her paragraph to the Statement of Facts as specified in her May 8, 2023 letter docketed at ECF No. 97, but warns that Plaintiff may not continue to attempt to amend her complaint in a piecemeal manner moving forward.

The Clerk of the Court is respectfully directed to mail a copy of this order to Plaintiff at the address listed on ECF, show service on the docket, and to terminate the motion at ECF No. 98.

Dated:   May 10, 2023                                              SO ORDERED:
         White Plains, New York

                                                                          NELSON S. ROMÁN
                                                             United States District Judge