UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIRLEY DIMPS,

                            Plaintiff,

    -against-

TACONIC CORRECTIONAL FACILITY, NYS
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, NYS
DEPARTMENT OF CIVIL SERVICE, AND CSEA,
INC.,

                            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2023

17-cv-8806 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Before the Court is Shirley Dimps's ("Plaintiff") motion requesting that the Honorable Nelson S. Román recuse himself from presiding over the instant matter. (*See* ECF No. 106 and 107.) For the reasons stated below, the Court DENIES Plaintiff's motion.

## BACKGROUND

    On February 5, 2020, the Second Circuit issued a Summary Order (C.A. No. 19-0975-cv; ECF No. 80) vacating the Court's March 27, 2019 judgment (ECF No. 74) to the extent it denied Plaintiff leave to amend her Title VII claims against the New York State Department of Corrections and Community Supervision ("DOCCS"), but affirmed the Court's dismissal of Plaintiff's American with Disabilities Act ("ADA"), the Age Discrimination and Employment Act ("ADEA"), and 42 U.S.C. § 1981 claims against Taconic Correctional Facility ("Taconic"), the New York State Department of Correction and Community Supervision ("DOCCS"), the New York State Department of Civil Service ("DCS") (together, the "State Defendants"), and the Civil Service Employees Association, Inc. ("CSEA"). (ECF No. 80 at 2.)

1

Following the Second Circuit's Summary Order, the Court reopened the case and issued an order on February 7, 2020 directing Plaintiff to file a Second Amended Complaint by March 23, 2020 that alleges Title VII claims against DOCCS.  (ECF No. 77.)  Because Plaintiff failed to file a Second Amended Complaint by that deadline, the Court issued an order to show cause for want of prosecution on February 2, 2023. (ECF No. 88.)  The Order to Show Cause was vacated after Plaintiff wrote to the Court indicating that she intended on filing a Second Amended Complaint and wanted to continue prosecuting her case.  (ECF No. 91.)  Following requests for extensions, which the Court granted, the Court directed Plaintiff to file her Second Amended Complaint by May 8, 2023.  (ECF No. 95.) On May 5, 2023, Plaintiff filed a Second Amended Complaint (ECF No. 96.)

On May 10, 2023, the Court denied Plaintiff's request to amend her pleadings in order to assert ADA, ADEA, Section 1981 violations against individual DOCCS supervisors and/or DOCCS.  (ECF No. 99.)  However, the Court granted Plaintiff's request to add a paragraph to the Statement of Facts as specified in her May 8, 2023 letter docketed at ECF No. 97.  (ECF No. 99.)

On June 28, 2023, the Court granted Defendants leave to file a motion to dismiss the Second Amended Complaint, and issued a briefing schedule on the motion as follows: Defendants are to serve (not file) opening papers on or before August 30, 2023; Plaintiff is to serve (not file) opposition papers on or before October 16, 2023; Defendants are to serve their reply papers on October 31, 2023.  (ECF No. 105.)

## DISCUSSION

Now before the Court is Plaintiff's notice of motion requesting that the Court recuse itself because Plaintiff, *inter alia*, argues that the Court is biased for granting Defendants leave to file a motion to dismiss instead of scheduling a pre-motion conference, and because the Court did not

2

grant Plaintiff's request to commence discovery. Plaintiff also states that "Your Honor is influencing this case by granting the dismissal of the Second Amended Employment Discrimination Complaint which was not requested by the Attorney General Office." (ECF No. 107 at 5.) Plaintiff argues that the Court has shown "favoritism, influencing/aiding the case for the defendants, lack of making fair and impartial decisions, being prejudice and bias in the case [sic]." (*Id*. at 8.)

By way of background, 28 U.S.C. § 455(a) requires that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section requires recusal where "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal[.]" *Shim-Larkin v. City of New York*, No. 16-CV-6099 (AJN), 2020 WL 7646889, at *1 (S.D.N.Y. Dec. 23, 2020) (citing *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *see also United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Recusal motions are committed to the sound discretion of the district court. *See Lovaglia*, 954 F.2d at 815. In considering recusal motions, "judges must be alert to the possibility that those who would question their impartiality are in fact seeking to avoid the consequences of the judge's expected adverse decision." *Id*. (internal marks omitted) (citing H. R. Rep. No. 1453, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6351, 6355).

The Court notes that "[d]isagreement with the decision[s] of the Court is not a basis for recusal." *Straw v. Dentons US LLP*, No. 20-CV-3312 (JGK), 2020 WL 4004128, at *1 (S.D.N.Y. July 15, 2020) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal."). Plaintiff appears to seek recusal on the basis that she disagrees with the Court's decision to issue briefing schedule on the motion to dismiss and for not

3

scheduling a conference and allowing the case to proceed to discovery at this time. (*See* ECF No. 107.) Plaintiff's disagreement with the decisions of this Court—and the basis of her recusal motion—are grounded on her misunderstanding of federal procedure and the life cycle of her case. To be sure, the Court advises Plaintiff that her Second Amened Complaint has not been dismissed—rather, the briefing on the motion to dismiss is pending. After briefing is complete, the Court will assess the arguments and decide whether Plaintiff's allegations in the Second Amended Complaint adequately pleads causes of action such that the case may proceed into the discovery stage.

Plaintiff is advised that although she is a *pro se* litigant, it is her obligation to fully understand the procedural posture of her case along with Court's individual rules, the Southern District of New York's Local Rules, and the Federal Rules of Civil Procedure. Plaintiff is highly encouraged to contact the New York Legal Assistance Group's (NYLAG) Clinic for *Pro Se* Litigants. *See Burhans v. Amler*, No. 06 CIV. 8325 (SCR), 2009 WL 10741846, at *2 (S.D.N.Y. May 14, 2009) ("At times, it is understandably difficult for *pro se* litigants to participate effectively in our legal system, and for this reason, the Court takes pains to afford pro se litigants great liberty in presenting and pursuing their claims. At the same time, the Court expects and requires that all litigants—*pro se* or not—be forthright and honest with the Court.") The New York Legal Assistance Group's (NYLAG) Clinic for *Pro Se* Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the *Pro Se* Intake Unit).

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

For the aforementioned reasons, the Court DENIES Plaintiff's motion to recuse. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 106. The Clerk of Court is also directed to mail a copy of this order to *pro se* Plaintiff at the address on the docket and show service on the docket.

Dated: July 27, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

