UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHIRLEY DIMPS,

                       Plaintiff,                       **ORDER**

      -against-                       17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                       Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

At a hearing on September 19, 2024, the Court heard arguments regarding the discovery disputes set forth in the parties' submissions at ECF Nos. 146, 147, 148, 149, and 150, and resolved those disputes on the record. This order memorializes the rulings issued by the Court at the September 19, 2024 hearing.

    1.    **Interrogatory Responses.** Plaintiff must sign her interrogatory responses and provide the signed responses to Defendant.

    2.    **Defendant's Interrogatory #2.** Plaintiff must respond to Defendant's Interrogatory #2 with an explanation of which witnesses have information related to each of the

11 numbered incidents in the Second Amended Complaint.[1]  Plaintiff is directed to provide a list of witnesses and to indicate next to each witness's name—by listing the number(s) of the incident(s)—the incident(s) about which she believes each witness has relevant information.

3.     **Defendant's Interrogatory #5.**  The scope of Defendant's Interrogatory #5 is limited to the allegations contained in the Second Amended Complaint.  Plaintiff is directed to indicate which witnesses she had communications with regarding the incidents in the Second Amended Complaint.  She must also indicate the form of those communications—that is, whether the communications were by letter, email, text message, oral communication, or something else.  Plaintiff must create a list of witnesses to respond to this interrogatory using the same format as the list for Plaintiff's response to Defendant's Interrogatory #2—that is, she must list each witness, list the number(s) of the incident(s) about which she had communications with that witness, and then also list the form of the communications.

4.     **Defendant's Interrogatory #7.**  Defendant may seek records related to Plaintiff's mental health but is not entitled to Plaintiff's medical records related to her physical health.  At the September 19, 2024 hearing, the Court directed Defendant to provide Plaintiff with new authorization forms regarding her mental health records, and directed Plaintiff to sign and return

---

[1] To be clear, incident (1) in the Second Amended Complaint is described as "Promotion Denial: Office Assistant 2 (Store / Mail)," *see* Second Am. Comp. ¶¶ 27-41; incident (2) in the Second Amended Complaint is described as "Promotion Denial: Office Assistant 2 (Calculations)," *see* Second Am. Compl. ¶¶ 42-53; incident (3) in the Second Amended Complaint is described as "Promotion Denial: Office Assistance (OA2) Store/Mail," *see* Second Am. Compl. ¶ 54; incident (4) in the Second Amended Complaint is described as "Promotion Denial Secretary 1," *see* Second Am. Compl. ¶¶ 55-65; incident (5) in the Second Amended Complaint is described as "Administrative Aide/Agency Program Aide (Questionable Appointment)," *see* Second Am. Comp. ¶ 66.  This numbering style and labeling convention continues through incidents (6, 7), *see* Second Am. Comp. ¶¶ 67-68; incident (8), *see* Second Am. Comp. ¶¶ 69-75; incident (9), *see* Second Am. Comp. ¶¶ 76-87; incident (10), *see* Second Am. Comp. ¶ 88; and incident (11), *see* Second Am. Comp. ¶¶ 89-95.

the authorization(s) to Defendant within one week.  Plaintiff submitted a letter to the Court, dated September 27, 2024, indicating that she provided a HIPAA authorization for the release of health information to Defendant's counsel via email on September 24, 2024.  *See* ECF No. 154.[2]

5. **Defendant's Request for Production #3.**  Plaintiff is directed to search her personal emails and text messages for any documents relevant to this request, and to supplement her response with copies of any communications uncovered during this search.

6. **Defendant's Request for Production #10.**  Plaintiff is directed to provide any receipts or invoices relating to the alleged injuries she suffered as a result of the incidents alleged in the Second Amended Complaint.

7. Defendant is directed to provide additional information regarding the New York State Department of Corrections and Community Supervision's recordkeeping and document retention policies.

8. Defendant is directed to search for and provide Labor Management Committee meeting agendas and minutes from 2014 to 2020.

9. Defendant is directed to coordinate with Taconic Correctional Facility to attempt to identify the file cabinet that Plaintiff described as having been located near her former workspace, and, to the extent that file cabinet can be identified and located, ensure that the file cabinet has been searched for documents that are responsive to Plaintiff's document demands and relevant to this litigation.

10. Plaintiff's request that Defendant be ordered to supplement its Rule 26(a)(1) disclosures is DENIED.

---

[2] The Court will separately order that the filing at ECF No. 154 be maintained under seal, at least in part, because the HIPAA authorization forms include Plaintiff's Social Security number.

3

11. Plaintiff's request that Defendant provide grievances and personnel files related to other individuals employed by Taconic Correctional Facility is DENIED.

12. Neither party is required to provide any documents dating back further than 2014 in response to any request.

13. The deadline to complete document productions and fact depositions is extended to October 31, 2024.

The next conference in this matter will be held on **Friday, November 15, 2024 at 10:00 a.m.**.  The conference will take place in person in Courtroom 250 of the White Plains federal courthouse if any additional discovery disputes have been submitted to the Court via letter in advance of the conference.  If no discovery dispute letters have been submitted, then the conference will take place by telephone.  To access the teleconference, please follow these directions: (1) dial the meeting number: (646) 453-4442 and (2) enter the conference ID: 81215100, followed by pound (#).  Should either party experience any technical issues accessing the teleconference, please contact Chambers at (914) 390-4070.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 146, as all of the issues raised in that letter motion have now been addressed.  In addition, the Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: October 3, 2024
       White Plains, New York

_____
ANDREW E. KRAUSE
United States Magistrate Judge