**MEMORANDUM ENDORSEMENT**

Dimps v. Taconic Correctional Facility

17-cv-8806-NSR

The Court is in receipt of *pro se* Plaintiff Shirley Dimps' motion for reconsideration dated December 5, 2024 (ECF 167) (attached hereto).

The Government is directed to serve (not file) any opposition papers by January 13, 2025; *pro se* Plaintiff is directed to serve any reply papers by February 3, 2024. The Government shall file all papers (including *pro se* Plaintiff's papers) on the reply date, February 3, 2024.

The status conference scheduled for January 16, 2025 is adjourned pending resolution of the instant motion.

The Clerk of Court is kindly directed to mail a copy of this Endorsement to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated: December 16, 2024

      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/16/2024___

**United States District Court**
**Southern District of New York**

————————————————————x

**SHIRLEY DIMPS**
**SHIRLEY DIMPS, CSEA Local**
**President (Until 6/2017)**

                       Plaintiff,

**MOTION/MOTION TO COMPEL**
**Civil Action No. 7:17-cv-08806**
**(NSR) (AEK)**

**vs**

**Do you want a jury trial?** <u>Yes</u>

**NYS DEPARTMENT OF CORRECTIONS**
**AND COMMUNITY SUPERVISION (DOCCS)**

                       Defendants,

————————————————————x


**PLEASE TAKE NOTICE** that the Plaintiff Shirley Dimps move this Court

before Honorable Andrew E. Krause (the Judge) of the United State District Court

for the Southern District of New York, at the United States Courthouse located at

300 Quarropas Street, White Plains, New York 10601.

The MOTION is in reference to the Second Amended Complaint as well as other

issues.

Page 1

<u>The Conference</u>

As per the December 2, 2024, Court conference in which Plaintiff/Pro Se request for Pro Bono Counsel was denied.  Plaintiff/Pro Se has indicated on numerous occasions that this is a complex case and feels the need to be represented by a Pro Bono Attorney at this point.  Plaintiff/Pro Se is requesting that the U.S. District Court allow plaintiff/pro se time to search for a Pro Bono Attorney to represent the Plaintiff/Pro Se because plaintiff/pro se feels that interrogatories by the Attorney General/Defendants were designed to trap plaintiff/pro se into perjury.  Plaintiff /Pro Se needs help from Pro Bono to guide plaintiff/pro se on how to answer the interrogatories without risking to perjury.  Plaintiff/Pro Se had answered the interrogatories from the best of plaintiff/pro se knowledge and ability. Plaintiff/Pro Se is unclear on the interrogatories and the verification of them and needs help from an attorney.

<u>The Deposition</u>

Plaintiff/Pro Se is requesting the Court to allow for the pro bono attorney to help plaintiff/pro se with the deposition with the attorney general/the defendants.

Plaintiff also feels that the deposition may be designed to trap plaintiff/pro se into

perjury.  The Pro Bono Attorney can guide the plaintiff/pro se as well as being in

the position to object if plaintiff/pro se is being asked non-relevant questions at the

deposition.  Plaintiff/pro se will find a Pro Bono Attorney.  Once the plaintiff/pro

se has located a Pro Bono Attorney, the plaintiff will be in the position to depose

the plaintiff/pro se witnesses as well.

<u>Criticism at the Conference</u>

The plaintiff provided the names of witnesses, the types of communication such as

emails and letters, plaintiff/pro se provided the actual documents involved in the

incidents for each witness but Your Honor indicated this was not what Your Honor

wanted but plaintiff provided facts. If plaintiff/pro se indicates, what plaintiff think

each witness has knowledge of it may not be the correct facts (only the witnesses

know their facts of the incident).  This is why we are testifying in Court. Plaintiff

was trying to provide facts to the best of plaintiff's knowledge and ability.  This is

another reason why plaintiff/pro se is requesting that the Court allow time for a Pro

Bono Attorney to be found.  This motion is to protect plaintiff/pro se rights.

<u>Plaintiff is expected to provide but the Defendants/Attorney General does not</u>

The Plaintiff's First Set of Interrogatories and Requests for the Production of

Documents to the Defendants/Attorney General has not been provided in reference

to others for the plaintiff to prove this case (See attached). DOCCS should comply.

Other such documents are needed such as individual hire date, promotional date, how they were such as was it by transfer, reassignment, provisional appointment and/or by civil service and list numbers and their score on the exams.  What was the racial makeup of the individuals Caucasian or Asian descent (Indian) as well as the seniority status. These are documents/information that are being withheld.

Note: Documents from the Office of Diversity Management are missing such as EHS (Employee Health Service) for plaintiff/pro se hearing status which was conducted by Dr. Atrick. Plaintiff never received a copy of the hearing report from the Taconic/DOCCS as well as documents about Worker Compensation due to chronic skin condition. The plaintiff is requesting these documents.  Plaintiff has requested a copy of the Department and the Equal Employment Opportunity Commission unsatisfactory complaint against the Dept. which alleged an unlawful discriminatory practice related to employment.  DOCCS should provide complete copies of all the documents attached to this complaint located in the Second Amended Complaint.  The Plaintiff is requesting the U.S. District Court to compel the Defendants/Attorney General to provide these documents to the Plaintiff/Pro Se.  If these documents are not received, the Plaintiff will file a Motion for Sanctions.

Not Just About the Plaintiff/Pro Se

Your Honor indicated this case was about the Plaintiff/Pro Se but if you were to

look at the "Civil Case Discovery Plan and Scheduling Order" (attach) it indicates:

Shirley Dimps

Shirley Dimps, CSEA Local President (Until 6/2017)

U.S. Court of Appeals for the Second Circuit which issued the MANDATE on

05/04/2020 has the above Caption (attach). This case is not just about Shirley

Dimps but about other issues as well that have been ignored by the Courts.

The plaintiff is requesting that the original Caption be reinstated due to its

significance role as plaintiff/pro se as the Local President of 176 at Taconic C. F.

Into another Forum

As the District Court has indicated that this case is about racial discrimination, but

the plaintiff/pro se case was about many other issues which was dismantled by the

Courts. The issues such as retaliation/harassment, hostile work environment, ADA

Claim, ADEA, NYSHIRL, Taylor Law, N.Y. Civ. Serv. Law section 209a, and

dismissal of the other entities being suited which is not limited to. These issues

Page 5

now may be a matter for the U. S. Department of Justice and a complaint can be filed.  This case is about racial discrimination but should be about more if this case was handled correctly by the Courts.

Mental Health Documents

The Attorney General indicated in Court on December 2, 2024, that DOCCS did not provide any mental health documents. The Montefiore Medical Center had no reason to withhold this information.  Montefiore may not have had all the documents/information (others may be in storage) but this piece they did (see attached) and DOCCS should have had these documents.

CONCLUSION

Once the Motion/Motion to Compel issues are addressed, Plaintiff/Pro Se is requesting the Court to delay proceeding until plaintiff /pro se can secure legal representation just like the defendants.

Note:

Honorable Andrew E. Krause,

The plaintiff is writing to formally inform the Court of Plaintiff/Pro Se current situation (see above) and plaintiff intention given the complexity of this case and plaintiff concerns regarding the fairness of the proceedings.  I appreciate the U. S.

District Court understanding and patience in this matter.


Dated: December 5, 2024

Bronx, New York

Shirley A. Dimps-Hall
20 West Mosholu Pkwy. South
Bronx, New York 10468
(347) 641 – 7250
shirleydimps93@gmail.com

Page 7

The University Hospital
For the Albert Einstein
College of Medicine
Henry and Lucy Moses Division

360 East 193rd Street
Bronx, New York 10458
718-933-2400 Phone
718-367-8168 Fax

TACONIC CORR FAC
RECEIVED

APR 21 2008

PERSONNEL

MONTEFIORE

DATE: 4/18/08

PATIENT NAME: Shirley Dimps

Please note that the above named patient was seen at this facility on 4/18/08 .

He/She may return to work/school on 4/21/08 .

If you should have any questions or require further information, please call 718-933-2400.

Sincerely,

Fred Bowley LCSW

MMG FAMILY HEALTH CENTER
360 EAST 193RD ST.
BRONX, N.Y. 10458
718-933-2400

Plaintiff 000434

# Montefiore

**Montefiore**
111 210th Street  Bronx, NY 10467
7189206266  Fax: 000-000-1234

*August 14, 2024*
Page 1
Social Workers Note

Shirley DIMPS                                                                    Home (347) 641-7250
Female  DOB 01/27/1954                          MRN 01049652                   Ins BLUE CHO (742)

**06/23/2010 - Social Workers Note: Pt Continues to Experience Environmental Stress at Work**
**Provider: Frederick Brandenberger, LCSW**
**Location of Care: Family Health Center**

SOCIAL WORKERS NOTE:                      Length of session:____    Session number: ___out of___.

Ms. Shirley Dimps came in as a walk in session requesting to speak w/ this worker. The pt has not been seen for some time (last session 10/13/08). Ms. Dimps has hx of environmental psychosocial stress in her place of employment i.e. assigned to work switchboard with her hearing impairment, pt also believes she has not been able to earn promotion due to office politics.

Ms. Dimps discussed how she has been elected as the Local President of her union and was in the process of going to Federal court regarding her grievances with her dept's ethics pertaining to her position not changing. The pt stated, "how can I be assigned as a switchboard operator with hearing loss, it doesn't make sense". The pt mentioned passing civil service exams which qualified her for promotions which she never received after applying through proper channels.

Ms. Dimps reported going through the Dept of Human Rights Commission and informing her union about her presenting concerns. The pt ventilated her stress about the matter.

Ms. Dimps requested more frequent sessions with this worker to ventilate her stress about her presenting issues.

This worker validated the pt's presenting issues and ongoing struggle. The pt was provided with ego supportive counseling. The pt was directed to schedule a follow up session with this worker.

**DIAGNOSIS/IMPRESSION:** 56F PMH HTN hyperchol latex allergy w/chronic leg ulcer chronic LE ulcer 2/2 latex allergy- follows with dermatology, went last week was given antibx for leg ulcer. Will be going for patch testing with Allergy 6/10. Next f/u with derm 5/10.
HTN- taking metoprolol 50, amlodipine 5, tooks meds today, needs script
Hyperchol- taking simvastat 10, needs script
Environmental Psychosocial Stressors
Ms. Dimps was A + O x 3. Pt was in a cheerful mood and presented with an appropriate affect. The pt was groomed and casually dressed. The pt's thought content was intact. The pt denied experiencing any suicidal and or homicidal ideation. The pt denied experiencing psychosis. The pt is experiencing ongoing stress working at switchboard

# Montefiore

**Montefiore**
111 210th Street  Bronx, NY 10467
7189206266  Fax: 000-000-1234

*August 14, 2024*
Page 2
Social Workers Note

| Shirley DIMPS | | Home: (347) 641-7250 |
|---|---|---|
| Female  DOB 01/27/1954 | MRN 01049652 | Ins: BLUE OHO (742) |

at work with hearing loss. Pt is concerned that she is placed in position that could get her into trouble if she doesn't list carefully to phone calls. Pt so far has been working 5 yrs in dept and has been elected as local union president. Pt has pending Federal court hearing and is optimistic that she will receive justice.

**TREATMENT PLANS:**
The pt will keep her scheduled medical and specialty care appointments. The pt will adhere with her prescribed meds. The pt will return for a follow up session with this worker.

Fred Brandenberger, LCSW
Psychosocial Service

**Electronically Signed by Frederick Brandenberger on 06/24/2010 at 4:17 PM**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Shirley Dimps,
Shirley Dimps, CSEA Local President,
(until 6/2017)

**CERTIFICATE OF SERVICE***

Docket Number: ___19-975___

v.

- Taconic Correctional Facility, TAC
- New York State Department of Corrections and Community Supervision, DCCS
- New York State Department of Civil Service, CS
- CSEA, INC./CSEA (Civil Service Employees Association, INC.)

I, ___Shirley Dimps___, hereby certify under penalty of perjury that
                (print name)

on ___May 17, 2019___, I served a copy of / Motion to Amend
          (date)                                    (Caption

_____
                      (list all documents)

by (select all applicable)**

___ Personal Delivery        ✓ United States Mail        ___ Federal Express or other
                                                                      Overnight Courier

___ Commercial Carrier        ___ E-Mail (on consent)

on the following parties: Attn: Mr. David Lawrence, III (Assistant Solicitor General)

① New York State office of the Attorney General, 28 Liberty St., New York, N.Y. 10005
Name                Address              City        State      Zip Code
For Defendants: Taconic Correctional Facility
NYS Dept. of Corrections and Community Supervision
NYS Dept. of Civil Service
_____
Name                Address              City        State      Zip Code

② CSEA, INC./CSEA (Civil Service Employees Association, INC.), 143 Washington Ave,
Name                Address              City        State      Zip Code

P.O. Box 7125, Albany, N.Y. 12210
Name                Address              City        State      Zip Code
ATTN: Leslie C. Perrin for CSEA, INC./CSEA (Civil Service Employees
                                                      Association, INC.)

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

___May 17, 2019___                    ___[signature] Shirley Dimps Pro Se___
    Today's Date                                          Signature

Certificate of Service Form (Last Revised 12/2015)

*(right margin, handwritten vertical)* May 17, 2019, Clerk's office, U.S. Court of Appeals

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

*Shirley Dimps,*
*Shirley Dimps, CSEA Local*
*President (until 6/2011)* Plaintiff(s),
        - against -

*New York State Department*
*of Corrections and* Defendant(s).
*Community Supervision (Docs)*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RECEIVED

MAY 23 2024

U.S.D.C.
W.P.

**CIVIL CASE DISCOVERY PLAN
AND SCHEDULING ORDER**

*17* CV *08806* (NSR)

    This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1       All parties [consent] [do not consent] to conducting all further proceedings before
        a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
        The parties are free to withhold consent without adverse substantive consequences.
        (If all parties consent, the remaining paragraphs of this form need not be
        completed.)

2.      This case [is] [is not] to be tried to a jury.

3.      Joinder of additional parties must be accomplished by
        _____.

4.      Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses
        thereto shall be served within thirty (30) days thereafter. The provisions of Local
        Civil Rule 33.3 [shall] [shall not] apply to this case.

6.      First request for production of documents, if any, shall be served no later than
        _____.

7.      Non-expert depositions shall be completed by _____.

        a.      Unless counsel agree otherwise or the Court so orders, depositions shall not
                be held until all parties have responded to any first requests for production
                of documents.

        b.      Depositions shall proceed concurrently.

        c.      Whenever possible, unless counsel agree otherwise or the Court so orders,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

SHIRLEY DIMPS
SHIRLEY DIMPS, CSEA Local
President (Until 6/2017)

                                    CIVIL ACTION NO.
                                    7:17-CV-08806 (NSR)
        PLAINTIFF,                  **Plaintiff's First Set of
                                    Interrogatories and
                                    Requests for the
                                    Production of
                                    Documents to
                                    Defendants'**
                                    Jury Trial (Demand)

NYS DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, (DOCCS)

        DEFENDANT,
————————————————————————x

**Plaintiff's First Set Interrogatories and Requests for the Production
of Documents to Defendant/s**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

The defendant shall answer, under oath, the following interrogatories,

and produce copies of the following documents, within thirty (30) days

of this discovery request to:

SHIRLEY A. DIMPS-HALL, PLAINTIFF/PRO SE
20 West Mosholu Parkway South, Tower A, 31C
Bronx, New York 10468
shirleydimps93@gmail.com
(347)641-7250

                    Page 1

1   <u>Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.</u>

<u>DEFINITIONS and INSTRUCTIONS</u>

1. The provisions of Local Rules 26.2, 26.3, 33.1, 33.3 relating to claims of privilege, uniform definitions, references to records, and interrogatories apply to and are incorporated by reference.

2. "Records" refers to any document/s or electronically stored information ("ESI") in any form whatsoever in the possession, custody or control of the defendant that is used, has been used, or may be used relative to plaintiff's civil case, qualifications for employment, promotion, transfer, compensation, or disciplinary action. Records also include any documents or ESI in any form whatsoever in the possession, custody or control of a person, corporation, partnership, or other entity that keeps or supplies records for the defendant/s.

3. The answers to these interrogatories shall be promptly supplemented and amended as required by Rule 26(e) of the

Page 2

Federal Rules of Civil Procedure.

4. In the event that an answer to any interrogatory is made by
   reference to records from which the answer may be derived or
   ascertained, as permitted by Rule 3.3(d) of the Federal Rules of
   Civil Procedure, provided the information required by Local Rule
   33.1 and make the documents or ESI referred to available for
   inspection and copying within fourteen (14) days after the service
   of answers to these interrogatories as required by Local Rule
   33.1(d).

5. If any document called for by any request had been in the
   possession, custody or control of Defendants at any time but has
   since been destroyed or altered, in whole or in part Defendants
   are requested to submit in lieu of each such document a written
   statement which (i) describes in detail the nature of the document
   and its contents, (ii) specifies the date on which the document was
   prepared and/or transmitted, (iii) states the name and address of
   the each person who created, prepared, or reviewed the
   document, (iv) states the name and address of each recipient of the

document, (v) sets forth the request to which the document is responsive, (vi) specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction, and (vii) states the name, address, and telephone number of each person who requested, Authorized, or performed such destruction or alteration.

6. If any document request cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

## INTERROGATORIES

1. Identify the names of all witnesses known to the defendants who have knowledge of the information relevant to the subject matter of the action.

2. Provide pertinent insurance agreements or other information of a similar nature for any damages.

3. Identify all relevant documents, any and all other relevant documents, physical evidence, or information of a similar nature, known to the defendants relevant to the subject matter

of the action, including its location, custodian, description of

each.

4. Identify all persons with discoverable information <u>related to the</u>

   subject matter of Plaintiff's <u>Second Amended Complaint,</u>

   including, but not limited to.

   a) The work environment in Business Office, Switchboard Policy

      and locations as well as Switchboard Schedule, Guidance

      Dept., Medical Dept., State Shop, and the Storehouse.

   b) Any adverse employment actions against plaintiff, including

      any investigations and/or disciplinary actions against

      plaintiff.

   c) The altercation between plaintiff and co-workers in Taconic

      C. F.

   d) The procedures that Defendant/s uses for investigating and

      imposing disciplinary action against employees.

5. Identify the source of information, including the name of any

   person or description of any document or physical item/s, for

   each of the answers to these interrogatories.

## DOCUMENT REQUESTS

1. All documents identified in Defendant's initial disclosures.

2. Emails, Labor/Management documents, DOCCS/ODM (Office of
   Diversity Management documents, Grievances (original) and Out-
   of-Titles Grievances, New York District IMS Data Entry Form
   Resolution Report (Government Deliberative Process) by the
   EEOC and any other documents submitted by the EEOC at any
   time from 2000 to 2020 which is not limited to (specially the
   document/s from EEOC claiming Taconic C. F. was a
   discriminatory location dated around/about 2000), DOCCS
   Directive and Facility Operations Manual Title and any similar
   Policy, Rules, Regulations, Evaluations, Vacancy Posting, SYSM
   INBASKET PRINT, ELMS Online Lists/Agency List), All documents
   received from NYS PERB (Improper Practices), All documents
   received from the NYS DOCCS Office of Special Investigation
   (received regarding Shirley A Dimps), All documents received
   from CSEA in regards to Shirley A. Dimps, All documents received
   from NYS Civil Service in regards Shirley A. Dimps as well as Job
   Postings and Examinations and NYS CS "Notice of Examination

Results, All Agendas received from Shirley A. Dimps at the Lake

Placid Conferences for DOCCS/CSEA for Local Presidents, Listings

of all Local Presidents for the facilities from 2005-2020, Topic

Listing on all training provided to employees at DOCCS/Taconic

C. F. from 2005 to 2020, all documents received from the

Governor's Office of Employees Relations regarding grievances &

hearings (Arbitrations) regarding DOCCS/Taconic C. F., All

documents in reference to for Hazard Duty Pay, Longevity

Payments and Medical Records as well as information from

Industrial Medicine Associates and Hearing Examination.  All

documents issued to Shirley A. Dimps after June 1, 2020 (the

retirement date) which is not limited to. Plaintiffs reserve the right

to add additional requests.

3. **Document Requests (Continued)**

From the period of July 7, 2005, to June 2020, produce all

documents in the "personnel records," relating to any disciplinary

investigations, notices of discipline, or adverse personnel actions,

for the following employees or former employees:

Page 7

Superintendents: Tanya Mitchell-Voyd, Wendy Featherstone, Patty Nelson, D. Thornton, Acting Supt. Andrea Hester/DSA Deputy Superintendent of Administration.  DSA Bridget Wojnar and Anthony Chu, Eileen Russell Deputy Supt. of Programs, Institution Steward:  Paul E. Rice, Richard Kearney (2005). and Antoinette Stovall OA3 (Personnel), Nuala O'Donohue (Supervisor), Robert Schmelmer (Maintenance Supervisor) Sarah Swint, Blesson Koshy, Thomas V. Chacko, Kuriakose T. Chacko (male), Dana Dicastro, Elizabeth Jallow and Rajul V. Patel as well as from DOCCS John A. Shipley Director of Labor Relations, Darren Ayotte Director of Personnel and 3 DOCCS Commissioners.  Plaintiffs reserve the right to add additional employees from DOCCS/DOCCS facilities and Taconic C. F.

Dated:  May 29, 2024
Bronx, New York

Shirley A. Dimps-Hall, Plaintiff, Pro Se
20 West Mosholu Parkway South,
Tower A, 31c
Bronx, New York 10468
(347) 641-7250
shirleydimps93@gmail.com

Page 8