UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHIRLEY DIMPS,

                              Plaintiff,                        **ORDER**

            -against-                                  17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                              Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On December 5, 2024, Plaintiff submitted a filing, styled as a motion to compel, requesting that: (1) the Court allow time for Plaintiff to seek *pro bono* counsel; (2) the Court allow for a *pro bono* attorney to assist Plaintiff with depositions; (3) Defendant be ordered to provide copies of certain documents Plaintiff believes have not been produced; and (4) that "the original [c]aption be reinstated" to include Plaintiff's role as "the Local President of 176 at Taconic C.F." ECF No. 167. Defendant submitted an opposition on December 6, 2024, interpreting Plaintiff's motion as one for reconsideration of certain orders issued by the Court at the December 2, 2024 conference, and arguing that reconsideration is not warranted. ECF No. 168. On December 9, 2024, Plaintiff submitted a reply, expressly stating, among other things, that the motion was not "objecting to the Court['s] denial but [was] simply asking for time to get [an] attorney." ECF No. 169. Plaintiff filed an additional letter on December 12, 2024, *see* ECF No. 170, and on December 13, 2024, Defendant filed a separate letter motion seeking an extension of certain deadlines, *see* ECF No 171. For the reasons set forth below, Plaintiff's motion is DENIED.

That said, because the Court, via a separate order, has granted Defendant's December 13, 2024 letter motion to extend certain deadlines set by the Court at the December 2, 2024 conference and memorialized in the December 4, 2024 order, *see* ECF No. 172, the deadlines for Plaintiff's obligations will be extended as well, which will afford Plaintiff additional time to attempt to locate counsel to assist her with this matter. All revised deadlines for both parties are set forth at the end of this order.

Regarding the issues raised in Plaintiff's motion, first, the Court interprets Plaintiff's application for time to seek *pro bono* counsel as a request to stay this proceeding while she attempts to retain an attorney. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). The party seeking a stay "bears the burden of establishing its need." *Id.* Plaintiff has not met her burden to establish that an indefinite stay of this litigation is necessary or appropriate. This action was filed more than seven years ago, and after multiple rounds of motion practice in the district court, as well as briefing before the U.S. Court of Appeals for the Second Circuit, the parties are finally nearing the end of discovery. Plaintiff has had many years to attempt to find an attorney to work on her case, but no attorney has ever appeared on her behalf. Nothing in Plaintiff's current applications suggests that she is close to finding an attorney, despite the fact that she apparently "made a good faith effort to contact various attorneys on 12/11/2024," ECF No. 170 at 2, nearly a week after her motion was filed, and that she purportedly intends to "be on the phone and online until [she] is able to secure counsel," *id.* It is long past time to advance this matter to the final stages in the district court, beginning with Defendant's anticipated motion for

summary judgment and then, if the case survives the summary judgment motion, to trial.  An open-ended delay to allow Plaintiff to search for counsel would be inconsistent with the requirements of Rule 1 of the Federal Rules of Civil Procedure, which aims to ensure the "just, speedy, and inexpensive determination of every action and proceeding."

Plaintiff has proceeded capably in this matter without an attorney since its inception in November 2017, and she has not shown at this juncture that she is unable to continue to do so.  Indeed, the Court has denied Plaintiff's multiple requests for appointment of *pro bono* counsel in part on this basis.  *See* ECF Nos. 10, 99, 166.  At the December 2, 2024 conference—at which Plaintiff's most recent request for *pro bono* counsel was denied without prejudice, ECF No. 166—the Court provided Plaintiff information about the Federal *Pro Se* Legal Assistance Project administered by the City Bar Justice Center, the purpose of which is to provide "free, limited-scope legal services to *pro se* litigants."  *See Federal Pro Se Legal Assistance Project*, CITY BAR JUST. CENTER, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ (last visited Dec. 13, 2024).  Plaintiff may consult with the City Bar Justice Center or any other *pro bono* legal services provider, and of course may continue to look for counsel while this matter proceeds, but the Court will not stop discovery entirely to allow her to do so.  Plaintiff's request for a stay is therefore DENIED.  But, because the Court has extended Defendant's deadline to complete its document review and production by three weeks, from December 16, 2024 until January 6, 2025, *see* ECF No. 172, the Court also deems it appropriate to extend Plaintiff's outstanding discovery deadlines by three weeks.  All revised deadlines are set forth at the end of this order.  This additional extension will give Plaintiff that much more time to attempt to find counsel before having to finalize her interrogatory responses or sit for her deposition.

Second, Plaintiff has requested that she be permitted to have *pro bono* counsel assist her with depositions in this case. The Court interprets this application as a related request for a stay of the proceedings, this time to delay depositions until such time as Plaintiff can find an attorney to represent her. This application is also DENIED, for the same reasons set forth above. If Plaintiff succeeds in locating an attorney to represent her in the coming weeks, that attorney of course may participate in depositions. But for the reasons discussed at the December 2, 2024 conference, the Court is not appointing *pro bono* counsel, and for the reasons set forth above, the Court will only extend the deadline for completion of depositions by three weeks.

Third, the Court will not compel Defendant to produce the documents Plaintiff references in her motion. Defendant is not required to provide personnel files for individuals who are not parties to this litigation, and it is the Court's understanding based on defense counsel's representations at the December 2, 2024 conference that Defendant already has provided Plaintiff with her own personnel file. Moreover, documents regarding Plaintiff's hearing condition and chronic skin condition do not appear to be relevant to the remaining claims in this litigation. Defense counsel stated at the December 2, 2024 conference that Defendant has turned over all responsive material it has collected, with the caveat that an additional search of archived e-mails was being conducted and could result in the production of additional documents. Defendant will now produce any additional responsive, non-privileged emails found in that additional search by January 6, 2025. ECF No. 172. While the Court appreciates that Plaintiff believes there are additional documents that Defendant possesses and should have produced, it is clear based on defense counsel's representations that Defendant is not in possession of any relevant, additional responsive, non-privileged documents. Accordingly, Plaintiff's motion to compel the production of additional documents is DENIED. In light of this order, there is no

basis for Plaintiff to file a motion for sanctions against Defendant for failing to produce the requested documents.

Fourth, Plaintiff requests that the case caption be reinstated to include her title as "Local President of 176 at Taconic C.F."  Plaintiff's claims against Defendant Civil Service Employees Association, Inc., Local 1000, AFSCME AFL-CIO were dismissed by Judge Román on March 25, 2019, ECF No. 73, and the U.S. Court of Appeals for the Second Circuit affirmed the dismissal of those claims by summary order on May 4, 2020, ECF No. 80.  As discussed at the December 2, 2024 conference, the only claims remaining in this case are Plaintiff's Title VII claims for racial discrimination in the decisions by DOCCS to deny her certain opportunities for promotion.  No change to the case caption can resurrect Plaintiff's previously dismissed claims.  And in any event, in the caption of the current operative pleading—the Second Amended Complaint filed by Plaintiff on May 5, 2023, *see* ECF No. 96—Plaintiff appropriately lists herself only by name, and not with reference to her prior role as a union official.  It is unnecessary to refer to Plaintiff's union position in the caption of the case, and to allow Plaintiff to further amend the Second Amended Complaint to add a reference to her prior union title would only introduce confusion and ambiguity.  For all of these reasons, Plaintiff's application to amend the case caption is DENIED.[1]

---

[1] Plaintiff's motion also restates her view that "[t]his case . . . should be about more if this case was handled correctly by the Courts."  *See* ECF No. 167 at 6.  While this Court understands Plaintiff's frustration and disappointment that other claims that originally were included in this lawsuit have been dismissed by Judge Román, and that the dismissal of many of those claims already has been upheld by the U.S. Court of Appeals for the Second Circuit, as discussed at the December 2, 2024 conference, now is not the appropriate time to attempt to relitigate those dismissals.

In addition, Plaintiff's motion reiterates her view that the production of her medical records from Montefiore Medical Center in response to a demand from Defendant was not complete.  *See id.*  Counsel for Defendant has represented that he has turned over to Plaintiff all

\* \* \* \* \* \* \* \* \*

Plaintiff's motion to compel is DENIED in its entirety.

The discovery deadlines set at the December 2, 2024 conference and memorialized in the December 4, 2024 order are hereby modified as set forth below. For ease of reference, the numbered paragraphs below correspond to the first seven numbered paragraphs in the December 4, 2024 order (the remainder of the paragraphs in that order did not set any deadlines):

1.  According to Defendant's letter at ECF No. 171, Defendants provided the required supplemental interrogatory response on December 13, 2024. No adjustment of this deadline is required.

2.  Defendant's deadline to complete its production of responsive, non-privileged emails is extended to January 6, 2025. *See* ECF No. 172.

3.  According to Defendant's letter at ECF No. 171, an initial privilege log was provided on December 6, 2024. A supplemental privilege log, if necessary, must be provided by January 6, 2025.

4.  Plaintiff's deadline to provide a final, verified copy of her interrogatory responses to Defendant is hereby extended to January 6, 2025. As directed in the Court's October 3, 2024 order, *see* ECF No. 155, Plaintiff must sign her interrogatory responses and provide the signed responses to Defendant.

---

documents that he received from Montefiore in response to his demands. There is no further action for the Court to take on this matter at this time. If Plaintiff has a concern about the completeness of her own medical records, she, of course, may take that up directly with her medical providers.

5. According to Plaintiff's letter at ECF No. 170, Plaintiff "has provided the Attorney General with 2 Folders (envelopes) of documents." No adjustment of this deadline is required.

6. The deadline for Defendant to submit a letter on behalf of both parties confirming the date on which Plaintiff's deposition will be held, and informing the Court of Plaintiff's decision as to whether she intends to take any depositions (and if so, which witnesses she intends to depose), is hereby extended to January 24, 2025.

7. All depositions must be completed by February 7, 2025. As discussed at the December 2, 2024 hearing, if Plaintiff decides to take one or more depositions, the Court will entertain an application for a short extension of time for those depositions to proceed. But even if the deadline is extended to allow Plaintiff to take depositions, the deposition of the Plaintiff must take place on or before February 7, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 167 and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: December 17, 2024
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge