UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SHIRLEY DIMPS,

                          Plaintiff,                     **ORDER**

            -against-                      17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                          Defendant.
--------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Plaintiff submitted a filing, docketed as a motion for miscellaneous relief, requesting that this Court: (1) reconsider its December 17, 2024 order denying Plaintiff's request to stay this matter to allow her additional time to seek *pro bono* counsel; (2) further extend all deadlines until at least January 31, 2025 to allow Plaintiff to retain counsel; (3) reconsider its December 17, 2024 order denying Plaintiff's request to restore the case caption to include her title as "Local President of 176 at Taconic C.F"; and (4) "request that this case go forward without another summary judgment." *See* ECF No. 177.[1]

       First, Plaintiff's request that this Court reconsider its December 17, 2024 order denying her request to stay this matter while she seeks *pro bono* counsel is DENIED, for the same reasons set forth in the December 17, 2024 order. *See* ECF No. 174 at 2-3. Plaintiff has offered no argument for why she believes the prior order was incorrect as a matter of law, and a party's disagreement or dissatisfaction with a decision of the Court is not a basis to grant a motion for reconsideration.

---

[1] The filing is dated December 31, 2024 on page 15; it was received in this Court's chambers on January 6, 2025, and was docketed on January 8, 2025. *See* ECF No. 177.

Second, Plaintiff's request to further extend all deadlines until at least January 31, 2025 to allow her to continue to seek to retain counsel is GRANTED.[2]  The revised deadlines are set forth at the end of this order.  Plaintiff should not expect that further extensions of these deadlines will be granted.

Third, Plaintiff's request that this Court reconsider its December 17, 2024 order denying her request to restore the case caption to include her title as "Local President of 176 at Taconic C.F." is DENIED, again for the same reasons set forth in the December 17, 2024 order.  ECF No. 174 at 5.  As previously noted, no change to the case caption can resurrect Plaintiff's previously dismissed claims.  This Court recognizes that Plaintiff served as the Local President—the fact that this is not included in the caption does not take away or diminish her experience as a union leader.  But including or not including Plaintiff former title in the caption has no bearing on the substance of the remaining claims asserted in the Second Amended Complaint.

Fourth, Plaintiff requests, on pages four and five of her submission, that "this case go forward without another summary judgment."  ECF No. 177 at 4-5.  Ultimately, any future motion for summary judgment in this case will be presented to Judge Román, and applications regarding summary judgement practice will have to be addressed to Judge Román at the appropriate time.  This Court notes, however, that the prospect of a summary judgment motion after the completion of discovery was not addressed in any way in the May 2020 mandate from the U.S. Court of Appeals for the Second Circuit—that mandate related to a prior decision on

---

[2] To address a point raised by Plaintiff on page eight of her submission, this Court has not granted Plaintiff's request for appointment of *pro bono* counsel to assist her with depositions. *See* ECF No. 174 at 4; ECF No. 177 at 8.  The December 17, 2024 order stated only that "*[i]f Plaintiff succeeds in locating an attorney to represent her in the coming weeks*, that attorney of course may participate in depositions.  ECF No. 174 at 4 (emphasis added).  This would apply to all depositions, but again, *only if Plaintiff is able to find an attorney to represent her*.

Defendants' motion to dismiss, and had nothing to do with the summary judgment phase of the case at all.  Nothing in the prior Second Circuit decision precludes Defendants from filing a post-discovery summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's request that "this case go forward without another summary judgment" is DENIED WITHOUT PREJUDICE.  Plaintiff may make further applications regarding any potential summary judgment motion to Judge Román after the completion of discovery.

* * * * * * * * * *

To the extent any portion of Plaintiff's motion for miscellaneous relief can be construed as a request to reconsider Judge Román's April 3, 2024 opinion and order dismissing certain claims from the Second Amended Complaint and to reinstate those claims, that application has already been made, *see* ECF Nos. 160 and 167, and will be addressed by Judge Román, *see* ECF No. 173.

* * * * * * * * * *

As for Plaintiff's request that DOCCS attorney Danielle D. May, who signed Defendant's interrogatory responses, "be made part of [the] proceeding," ECF No. 177 at 15, this Court interprets this to mean that Plaintiff would potentially seek to take Ms. May's deposition before the completion of discovery.  It is premature for this Court to rule on that request now, especially because Defendant's position on that request has not been made clear.  The parties do not have to file any further submissions on that point at this time—the issue of depositions will be squarely addressed in future submissions, as set forth in the schedule below.

* * * * * * * * * *

For the reasons detailed above, Plaintiff's motion for miscellaneous relief is GRANTED IN PART AND DENIED IN PART.

The discovery deadlines are hereby modified as follows:

1.     Plaintiff's deadline to provide a final, verified copy of her interrogatory responses to Defendant is extended to February 14, 2025.  As directed in this Court's October 3, 2024 order, *see* ECF No. 155, Plaintiff must sign her interrogatory responses and provide the signed responses to Defendant.

2.     The deadline for Defendant to submit a letter on behalf of both parties confirming the date on which Plaintiff's deposition will be held, and informing this Court of Plaintiff's decision as to whether she intends to take any depositions (and if so, which witnesses she intends to depose), is hereby extended to February 24, 2025.

3.     All depositions must be completed by March 14, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 177 and mail a copy of this Order to the *pro se* Plaintiff.

Dated:  January 16, 2025
        White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge