UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SHIRLEY DIMPS,

                            Plaintiff,                         **ORDER**

              -against-                          17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                            Defendant.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

    A.    **"Notice of Motion" Received January 29, 2025, Docketed as ECF No. 181**

On January 29, 2025, Plaintiff submitted a filing, docketed as a notice of motion, which describes her efforts to find *pro bono* counsel and requests an extension of all deadlines to allow her additional time to find counsel. ECF No. 181. Plaintiff's request for an extension of the deadlines in the Court's prior order at ECF No. 179 (dated January 16, 2025) is GRANTED. The revised deadlines are set forth at the end of this order. Plaintiff should not expect that further extensions of these deadlines will be granted.

    B.    **"Notice of Motion" Received February 3, 2025, Docketed as ECF No. 183**

On February 3, 2025, Plaintiff submitted a filing, docketed as a notice of motion, in which she objects to multiple rulings contained in this Court's order at ECF No. 179 (dated January 16, 2025), raises a number of alleged discovery disputes, and again requests an extension of all deadlines to allow her to find counsel. ECF No. 183. For clarity, this Court describes the different issues identified in Plaintiff's February 3, 2025 filing, and explains how each of these matters will be handled going forward.

First, Plaintiff objects to this Court's denial of her request to stay all discovery while she seeks counsel. ECF No. 183 at 2-5; *see* ECF No. 179 at 1-2; ECF No. 174 at 2-3. Because this Court has ruled on this application twice already, this Court will treat this portion of Plaintiff's filing as an objection, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to an order regarding a non-dispositive matter. Defendant must file any response to this objection, addressed to the attention of Judge Román, by February 18, 2025.

Second, Plaintiff renews her request (previously included in ECF No. 181) for an extension of all deadlines to allow her more time to find counsel. ECF No. 183 at 6-7. As previously noted, this application is GRANTED, and the revised discovery deadlines are set forth at the end of this order.

Third, Plaintiff objects to this Court's denial of her request to restore the case caption to include her title as "Local President of 176 at Taconic C.F." ECF No. 183 at 7-9; *see* ECF No. 179 at 2; ECF No. 174 at 5. Again, because this Court has ruled on this application twice already, this Court will treat this portion of Plaintiff's filing as an objection, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to an order regarding a non-dispositive matter. Defendant must file any response to this objection, addressed to the attention of Judge Román, by February 18, 2025.

Fourth, Plaintiff takes issue with the portion of this Court's January 16, 2025 order that discusses the May 2020 mandate from the U.S. Court of Appeals for the Second Circuit and the possibility of a summary judgment motion. ECF No. 183 at 9-12; ECF No. 179 at 2-3. It is premature to address anything having to do with summary judgment at this time. This Court reiterates that any future motion for summary judgment in this case will be presented to Judge Román, and applications regarding summary judgement practice will have to be addressed to

Judge Román at the appropriate time. No further action is necessary regarding this issue for now.

Fifth, Plaintiff raises several issues in a section of her motion titled "Discovery in Dispute." ECF No. 183 at 13-16. Three of these purported discovery disputes require a response from Defendant. Specifically, Plaintiff raises a concern regarding the form and volume of Defendant's supplemental document production. *Id.* at 13. In addition, Plaintiff asserts that Defendant failed to sign its supplemental responses and objections to Plaintiff's interrogatories under the penalty of perjury. *Id.* at 15. Finally, Plaintiff notes that she "requested a copy of the Department and the Equal Employment Opportunity Commission unsatisfactory complaint against the Department which alleged an unlawful discriminatory practice related to employment." *Id.* at 14. This appears to be an issue that Plaintiff is raising for the first time with this Court. Defendant must file a letter, addressed to the undersigned, responding to these points by February 18, 2025.

The remining issues raised by Plaintiff require no response or action from Defendant.

- Defendant's responses and objections to Plaintiff's document requests do not need to be signed under the penalty of perjury. Such responses are governed by Rule 34 of the Federal Rules of Civil Procedure, and unlike Rule 33 of the Federal Rules of Civil Procedure, which governs interrogatory responses, Rule 34 does not require a party to sign its responses. *Compare* Fed. R. Civ. P. 33(b)(3) (requiring each interrogatory to "be answered separately and fully in writing under oath") with Fed. R. Civ. P. 34 (no comparable requirement).

- As discussed in Court's order at ECF No. 177, Defendant is not required to produce documents related to individuals who are not parties to this litigation.

- As discussed at the December 2, 2024 in-person conference, the verification of Defendant's original interrogatory response by Danielle D. May was not improper. To the extent that Plaintiff is again requesting that she be permitted to take Ms. May's deposition, as stated in the Court's order at ECF No. 179, it is premature for this Court to rule on that request now as the issue of depositions will be addressed in future submission as set forth in the schedule below. Further, Mr. Kirschbaum's signature on that document is appropriate. While each interrogatory must be answered separately and fully in writing under oath, it is Ms. May's signature—not Mr. Kirschbaum's signature—that satisfies that requirement. Mr. Kirschbaum's signature is being provided with respect to Defendant's objections to the interrogatories, *see* Fed. R. Civ. P. 33(b)(5), and for purposes of the certification required under Rule 26(g)(1) of the Federal Rules of Civil Procedure. Neither one of those provisions requires that the signature of the attorney be under oath. *See also* Moore's Fed. Prac. §§ 33.104 (3d Ed.) No further action from Mr. Kirschbaum is required as to these interrogatory responses.

C. **Revised Deadlines**

The discovery deadlines are hereby modified as follows:

1. Plaintiff's deadline to provide a final, verified copy of her interrogatory responses to Defendant is extended to March 14, 2025. As directed in this Court's October 3, 2024 order, *see* ECF No. 155, Plaintiff must sign her interrogatory responses and provide the signed responses to Defendant.

2. The deadline for Defendant to submit a letter on behalf of both parties confirming the date on which Plaintiff's deposition will be held, and informing this Court of Plaintiff's decision as to whether she intends to take any depositions (and if so, which witnesses she intends to depose), is hereby extended to March 24, 2025.

      3.      All depositions must be completed by April 14, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 181, and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: February 5, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge