

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

February 17, 2025

**BY ECF**
Hon. Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Dimps v. NYS Dep't of Corr. & Cmty. Supervision*, No. 17 Civ. 8806 (NSR) (AEK)

Dear Judge Krause:

This Office represents Defendant, the New York State Department of Corrections and Community Supervision ("DOCCS") in the above-referenced case. I write in accordance with your February 5, 2025 Order (Dkt. No. 184), to address several issues in the "Discovery in Dispute" section of Plaintiff's motion filed on February 3, 2025. (Dkt. No. 183, pp. 13-16.) As summarized by the Court, these issues are: (1) "the form and volume of Defendant's supplemental document production," *id*. at 13; (2) that "Defendant failed to sign its supplemental responses and objections to Plaintiff's interrogatories under the penalty of perjury," *id*. at 15; and (3) Plaintiff's request for "a copy of the Department and the Equal Employment Opportunity Commission unsatisfactory complaint against the Department which alleged an unlawful discriminatory practice related to employment." *Id*. at 14.

First, with regard to the form and volume of Defendant's supplemental document production, following my prior productions of documents to Plaintiff via secure link to a cloud-based file-sharing site, Plaintiff asked that Defendant's document productions be made in paper format, and I acceded to this request. However, such productions were "only" several thousand pages long. After I had DOCCS search for additional responsive documents (using expanded search parameters), I prepared a supplemental document production to Plaintiff on January 6, 2025. However, because the expanded search parameters recovered certain very voluminous documents, that supplemental production turned out to contain 56,610 pages – which, I explained to Plaintiff, would consume numerous boxes of paper, even if printed double-sided. I accordingly objected to making that production on paper. As I explained by e-mail to Plaintiff on January 7 in response to her demand for another paper production: "it is not worth the time spent by this office's support staff, nor the shipping costs, nor the excessive use of paper and ink." I also explained that "[i]t appears that the main reason for the massive page count is that there are 51 documents that are each hundreds or thousands of pages long, and appear only marginally relevant," specifically "certain job posting-related documents – apparently lists of eligible employees' addresses and/or boilerplate instructions." I accordingly offered to "eliminate those documents (and replace them

Hon. Andrew E. Krause
February 17, 2025                                                                                                       Page 2 of 2

each with a single blank page indicating the missing Bates numbers),” which would result in a production “only” a bit over 5,500 pages, “in which case I can print it out.” I asked Plaintiff to advise me whether she consents to this plan, and I would think she would prefer reviewing such a reasonably targeted production to combing through dozens of reams’ worth of largely useless documents. But her only response (ten days later) was to reiterate a blanket demand for paper-only document productions, without acknowledging my proposed compromise. Defendant accordingly respectfully requests that Plaintiff’s motion be denied as to this issue.

Second, while I initially neglected to attach agency counsel’s verification to Defendant’s supplemental interrogatory responses, this was easily correctable and Plaintiff, contrary to the Local Rules, did not attempt to resolve this matter informally prior to approaching the Court. The verification was provided to Plaintiff on February 13, 2025. This portion of Plaintiff’s motion may accordingly be denied as moot.

Third, Plaintiff’s demand for “the Department and the Equal Employment Opportunity Commission unsatisfactory complaint against the Department which alleged an unlawful discriminatory practice related to employment,” is not intelligible. As I have previously explained to Plaintiff, and informed the Court, Defendant has already produced to Plaintiff her entire New York State Division of Human Rights file, all of her known grievance files, her entire personnel file, and DOCCS’ entire file concerning Plaintiff’s one known EEOC complaint. To the extent Plaintiff’s demand refers to EEOC complaints regarding other employees, Defendant has already attested that it is unaware of any substantiated complaints alleging unlawful discrimination by any of the other employees Plaintiff listed in her discovery requests. Accordingly, this portion of Plaintiff’s motion should be denied as well.

I appreciate the Court’s consideration.

Dated: New York, New York
           February 17, 2025

                                                               Respectfully submitted,

                                                               LETITIA JAMES
                                                               Attorney General
                                                               State of New York
                                                               *Attorney for Defendant*

                                                    By:    /s/ Daniel S. Kirschbaum
                                                               DANIEL S. KIRSCHBAUM
                                                               Assistant Attorney General
                                                               28 Liberty Street, 18th Floor
                                                               New York, New York 10005
                                                               212-416-8244
                                                               Daniel.Kirschbaum@ag.ny.gov

cc (via e-mail): Plaintiff *Pro Se* Shirley Dimps