UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHIRLEY DIMPS,

                        Plaintiff,                           **ORDER**

             -against-                         17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                        Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On February 3, 2025, Plaintiff submitted a filing, docketed as a notice of motion, which among other things, raised a number of purported discovery disputes. *See* ECF No. 183. The Court issued an order on February 5, 2025 addressing multiple issues raised in Plaintiff's motion, and instructing Defendant to respond as to certain issues. *See* ECF No. 184. Defendant responded as directed on February 17, 2025 (ECF No. 187), and the Court scheduled an in-person conference for March 11, 2025 (ECF No. 188), which was later rescheduled to March 13, 2025 (ECF No. 192).

      On February 24, 2025, Plaintiff submitted a filing, docketed as a "motion for issuance of subpoena," seeking to subpoena records and testimony from certain state and federal governmental agencies, as well as certain former and current employees of Defendant New York State Department of Corrections and Community Supervision ("DOCCS"), for purposes of a "hearing and/or trial." *See* ECF No. 189 at ECF pgs. 5-6, 9-10, 14-15, 15-16, 19. Plaintiff also filed a letter on March 3, 2025 purporting to respond to the Court's February 5, 2025 order. *See* ECF No. 194. On March 11, 2025, Defendant responded to Plaintiff's filing at ECF No. 189, objecting to the issuance of a subpoena directed at DOCCS at this stage of the litigation, but

taking no position with respect to the issuance of any subpoenas directed to non-parties. *See* ECF No. 195. The in-person conference was held on March 13, 2025.

I.      **Matters Addressed at the March 13, 2025 Conference**

At the conference, the Court and the parties discussed a number of different issues, with a substantial amount of time devoted to Defendants' anticipated supplemental production of more than 56,000 additional pages of responsive documents. Over Plaintiff's objection, the Court granted Defendant's request that it be permitted to produce certain documents in electronic form and certain documents in hard copy form. Specifically, the Court ruled that certain documents, totaling approximately 50,000 pages, consisting primarily of lists of names of DOCCS employees who were determined to be eligible for certain positions, could be produced electronically. Because these voluminous documents contain personal information of non-parties which would necessitate substantial redactions on privacy grounds, the Court discussed with the parties the possibility of entering a stipulated confidentiality and protective order that would allow the documents to be produced sooner and with fewer redactions. The parties were directed to meet and confer about a potential confidentiality stipulation, based on the Court's model order, following the conference.

On Friday, March 14, 2025, the day after the conference, Defendant filed a letter (ECF No. 197) attaching an email that Plaintiff sent defense counsel that same day (ECF No. 197-1). The letter indicated that defense counsel had provided Plaintiff with a draft confidentiality order as instructed and had begun preparing the hard copy and electronic production in accordance with the Court's orders at the March 13, 2025 conference. ECF No. 197. Plaintiff's email, however, indicated, that she was not willing to sign a stipulated confidentiality agreement, and reiterated her already-rejected position that she did not "wish to receive documents electronically . . . but would prefer them as hard copies . . . ." ECF No. 197-1.

Also on March 14, 2025, Plaintiff filed another "notice of motion" indicating that she "must decline to sign the Stipulation Agreement until plaintiff/pro se can secure an Attorney for this case." ECF No. 198 at 2.  Plaintiff also stated that she had not signed up for electronic filing and should not bear the burden of printing documents provided in electronic form, and that certain documents that had already been produced with redactions should be "reviewed."[1]  *Id.* at 3.

From these filings, the Court understands that Plaintiff is unwilling to voluntarily enter into a confidentiality stipulation using the Court's model confidentiality and protective order, even though, as the Court explained at the March 13, 2025 conference, such stipulations are routinely entered in cases in this courthouse to facilitate the production of documents.  Accordingly, to effectuate the rulings issued at the March 13, 2025 conference and to allow discovery to proceed in an efficient and coherent manner, the Court orders as follows:

1. The Court will separately enter a confidentiality and protective order.  Both parties will be bound by this order.  The order will be based on the Court's model confidentiality and protective order, and, as discussed at the March 13, 2025 conference, will be modified to allow Plaintiff to share documents produced in connection with this case with federal and state governmental agencies.

2. That Plaintiff has not signed up for electronic filing in this case has no bearing on any of the discovery disputes discussed at the March 13, 2025 conference.  Defendant must make the supplemental production of approximately 56,000 additional pages of documents as discussed at the conference.  Defendant is authorized to produce the voluminous documents

---

[1] The Court explained at length to Plaintiff at a prior conference that certain redactions to withhold privileged information from otherwise responsive documents were appropriate.  No further action is necessary regarding the redacted documents at this time.

3

discussed at the conference—which comprise approximately 50,000 pages—in electronic form; the remaining documents must be produced in hard copy. Plaintiff is not required to print the documents that have been provided in electronic form.

3. Defendant's entire supplemental production—both paper and electronic components, including any pages that will be marked as subject to the confidentiality order—must be delivered to Plaintiff by April 23, 2025.

4. Defendant must produce the EEOC complaint discussed in ECF No. 183 and at the conference. This production must be made by April 23, 2025 as well.

5. The deadline for the parties to complete Plaintiff's deposition has been extended to May 30, 2025. Based on the parties' filings at ECF Nos. 199 and 200, the Court understands that the parties have agreed to conduct Plaintiff's deposition on May 28, 2025.

## II. Plaintiff's Requests to Issue Subpoenas

At the March 13, 2025 conference, Plaintiff indicated—consistent with her filing at ECF No. 189—that she was interested in issuing subpoenas for purposes of a hearing or for trial. As the Court explained at the conference, any subpoenas for purposes of trial would be premature at this point in the litigation, and there will not be any pretrial hearing in this matter that requires the presentation of witnesses or the subpoenaing of documents.

In a substantial change from the position she stated at the conference just one day earlier, Plaintiff's email March 15, 2025 email to defense counsel stated that "[t]he subpoena requests should be under the discovery process NOT the trial process." ECF No. 197-1. Plaintiff has since filed multiple letters and motions regarding the potential subpoenas and what she hopes to accomplish with those subpoenas. *See* ECF Nos. 201, 202, 203. The Court will address the subpoena issue in a separate order. Because of the Court's scheduling constraints, the Court does not anticipate being able to issue a further order regarding the subpoenas until early May.

In the meantime, **Plaintiff is directed not to file any further submissions regarding the subpoenas. The matter has been sufficiently presented to the Court for consideration. No further submissions are necessary, and indeed, any further submissions will not be helpful.**

Even though the Court will not be issuing any further orders regarding the subpoena question imminently, the parties must continue to proceed with discovery, including Defendant's document production and Plaintiff's deposition.

### III.   Issues Pending Before Judge Román

For purposes of clarity and orderly case administration, the Court notes that three issues remain pending before Judge Román and will be addressed in due course. No further action is required by the parties with regards to the three issues listed below.

1. Plaintiff's request for reconsideration of Judge Román's April 3, 2024 order dismissing certain claims. *See* ECF No. 160 at 8.

2. Plaintiff's Rule 72 objection to this Court's ruling in ECF No. 179 denying her request to stay discovery. *See* ECF No. 183 at 2-5.

3. Plaintiff's Rule 72 objection to this Court's ruling in ECF No. 179 denying her request to amend the case caption. *See* ECF No. 183 at 7.

\* \* \* \* \* \* \* \* \* \*

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 183, 189, and 198, and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: April 10, 2025
      White Plains, New York

                                      **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge