UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SHIRLEY DIMPS,

                              Plaintiff,                        **DECISION AND ORDER**

                   -against-                                    17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                              Defendant.
--------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This Decision and Order addresses the subpoenas requested by Plaintiff, as discussed in

the filings docketed at ECF Nos. 189, 201, 202, 203, and 205, as well as Plaintiff's submissions

dated May 10, 2025 and May 11, 2025, all of which were entered on the docket on May 13,

2025, *see* ECF Nos. 208-212.

## BACKGROUND

      On February 24, 2025, Plaintiff submitted a filing, docketed as a "motion for issuance of

subpoena," seeking to subpoena documents and testimony from certain state and federal

government agencies, as well as certain former and current employees of Defendant New York

State Department of Corrections and Community Supervision ("DOCCS"), for purposes of a

"hearing and/or trial."  *See* ECF No. 189 at ECF pgs. 5-6, 9-10, 14-15, 15-16, 19; *see* ECF No.

201 (proposed subpoenas submitted on Mar. 26, 2025).  On March 11, 2025, Defendant

responded to Plaintiff's filing at ECF No. 189, objecting to the issuance of a subpoena directed at

DOCCS at this stage of the litigation, but taking no position with respect to the issuance of any

subpoenas directed to non-parties.  *See* ECF No. 195.

At the March 13, 2025 conference, Plaintiff indicated—consistent with her filing at ECF No. 189—that she was interested in issuing subpoenas for purposes of a hearing or for trial. At the conference, the Court explained that any subpoenas for purposes of trial would be premature at this point in the litigation, and that there would not be any pretrial hearing in this matter that would require the presentation of witnesses or the subpoenaing of documents. In a substantial change from the position she stated at the conference just one day earlier, Plaintiff sent an email to Defendant's counsel on March 15, 2025, which stated that "[t]he subpoena requests should be under the discovery process NOT the trial process." ECF No. 197-1.

On March 26, 2025, Plaintiff submitted a letter attaching 18 subpoenas she seeks to have issued; she also indicated that a "Notice of Motion" would be filed on the following day. *See* ECF No. 201. On March 27, 2025, Plaintiff submitted a filing, captioned and docketed as a "motion in support of subpoenas," seeking "the Court's approval of subpoenas ad testificandum and subpoenas duces tecum." *See* ECF No. 202 at 2; *see also* ECF No. 203 at 2.[1] Plaintiff argued that the testimony and documents that she seeks to subpoena are relevant to the case and relate to critical issues such as "DOCCS regulations and employment policies . . . ," and that approving the subpoenas would promote the interest of justice. *Id.* at 3.

On April 11, 2025, Plaintiff submitted a filing captioned and docketed as a "motion to expedite the subpoenas." ECF No. 205. Plaintiff reiterated her view that the subpoenas are essential to obtaining testimony and documents that she believes are critical to her case. *Id.* at 2. Plaintiff also stated that she would not need any assistance in serving subpoenas on the five entities from which she is seeking the production of documents—the New York State Office of

---

[1] The filings at ECF No. 202 and ECF No. 203 are identical. It appears that Plaintiff submitted one copy of this filing to the Clerk of Court and a courtesy copy of the same filing to the chambers of the undersigned, and both copies of the filing were added to the docket.

the Inspector General; the United States Equal Employment Opportunity Commission; the

United States Department of Justice; the New York State Department of Civil Services; and the

Civil Service Employees Association. *Id.* at 3.

## RULINGS

1.      As discussed at the March 13, 2025 conference, subpoenas for witnesses to appear

and testify and a hearing or trial in this matter are either unnecessary or premature, and are

therefore rejected.  There will be no evidentiary hearing in this matter, and there will only be a

trial if Plaintiff's remaining claims survive Defendant's anticipated motion for summary

judgment.  Because there is no scheduled date for any hearing or trial, it is not possible to issue

subpoenas that require witnesses to appear on a particular date.  Accordingly, Plaintiff may not

issue subpoenas for testimony to any of the individuals referenced in the subpoenas submitted at

ECF Nos. 201-6 through 201-18.  Specifically, she may ***not*** issue subpoenas seeking testimony

from the below listed individuals at this time:

      a.   Daniel F. Martuscello III, DOCCS Deputy Commissioner, Office of
           Administrative Services;

      b.   Osbourne A. McKay, DOCCS Deputy Commissioner, Office of Diversity
           Management;

      c.   Darren Ayotte, Director of Personnel, DOCCS Central Office;

      d.   John Shipley, Director of Labor Relations, DOCCS;

      e.   Margaret Conforti, Head of Personnel Department;

      f.    Antoinette Stoval, Office Assistant 3, Personnel Department;

      g.   Jackie Shiel, DOCCS Central Office;

      h.   Wendy Featherstone, Superintendent;

      i.    Eileen Russell, Deputy Superintendent of Programs;

      j.    Koshy Blesson, Offender Rehabilitation Aide, Grade 13;

> k.  Sarah Swint, Agency Programs Aide, Grade 13;
>
> l.  Nuala O'Donohue, Head Account Clerk, Grade 18; and
>
> m. Rajul Patel, Office Assistant 2, Grade 9.

If this case does proceed to trial at some point in the future, the Court will revisit the question of whether trial subpoenas for these witnesses are appropriate.  To be clear, however, the question of trial subpoenas will not be addressed again until after the completion of summary judgement motion practice.[2]

2.    Because Plaintiff's filings in the aftermath of the March 13, 2025 conference made clear for the first time that Plaintiff was seeking to issue and serve subpoenas for documents as part of the discovery phase of this litigation, the Court will authorize Plaintiff to serve subpoenas seeking document discovery from the non-party entities referenced in the subpoenas listed at ECF Nos. 201-1 through 201-5.  Accordingly, the Clerk of Court is respectfully directed to prepare signed subpoenas for the five entities listed below, and to promptly mail copies of the signed subpoenas to Plaintiff so that she can serve the subpoenas on these entities:

> a.  New York State Office of the Inspector General;
>
> b.  United States Equal Employment Opportunity Commission;
>
> c.  United States Department of Justice;
>
> d.  New York Department of Civil Services; and

---

[2] To the extent any of the subpoenas for hearing and/or trial testimony from current or former DOCCS employees also seek the production of documents from those individuals, Plaintiff is not authorized to send these subpoenas for documents either.  The proper way to seek documents from DOCCS in this case is through requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which Plaintiff has used extensively, and which has prompted DOCCS to produce tens of thousands of pages of responsive materials.

     e.  Civil Service Employees Association, Inc.

*See* ECF Nos. 201-1, 201-2, 201-3, 201-4, and 201-5.  Even though the Court is authorizing

Plaintiff to proceed with these subpoenas for documents, the subpoena recipients may assert any

appropriate procedural and/or substantive objections in response to the subpoenas.  In other

words, just because the Court is authorizing Plaintiff to proceed with these subpoenas for

documents does not mean that the Court has any view as to whether Plaintiff is entitled to

receive any of the materials or information that she is seeking to obtain via the subpoenas.[3]

       Plaintiff will not have an unlimited amount of time to attempt to obtain the documents

she is seeking via these subpoenas.  Accordingly, Plaintiff must serve the subpoenas by no later

than June 6, 2025, and by June 10, 2025, Plaintiff must provide a written status report to the

Court regarding her efforts to serve the subpoenas.

       3.     Plaintiff's letter at ECF No. 208, dated May 12, 2025, concerns a request for

production for documents related to a purported "[Equal Employment Opportunity Commission]

[c]omplaint against DOCS (DOCCS) for the year 2000."  ECF No. 208 at 1.  This issue

apparently was not raised with counsel for Defendant before being raised with the Court.  This is

not the appropriate procedure for raising discovery disputes—the parties must first meet and

confer to attempt to resolve their issues before raising them with the Court.  Moreover, the Court

notes that in the very package of materials that Plaintiff attached to her filing at ECF No. 208 is a

letter from defense counsel, which states that Defendant's March 21, 2025 production

"encompasses all documents that DOCCS' agency counsel has received from DOCCS Office of

Diversity and Inclusion (ODI) pertaining to any EEOC conciliation or settlement and resultant

---

[3] While this Court is authorizing Plaintiff to seek documents via these subpoenas,
Plaintiff is *not* authorized to seek hearing or trial testimony from these agencies via these
subpoenas, for the same reasons discussed in paragraph 1 above.

posted notices." ECF No. 208-2. The language in this letter strongly suggests that there are no additional documents for Defendant to produce regarding this request. Nevertheless, the parties are hereby directed to meet and confer regarding this issue so that defense counsel can address any specific questions that Plaintiff has regarding this production.

4.    Plaintiff's motion at ECF No. 209 seeks "clarification" regarding certain matters addressed at the March 13, 2025 conference and in this Court's April 10, 2025 order (ECF No. 204). First, as stated at the conference and again in the April 10, 2025 order, Defendant is *not* required to print and provide physical copies of the approximately 50,000 pages of documents that consist primarily of lists of names and addresses of DOCCS employees who were determined to be eligible for certain positions. The Court ruled that those materials could be produced electronically. Plaintiff is not required to print these materials for any reason—she can simply review them on her computer. If there are particular pages that Plaintiff believes are important and wants to print for herself, then she must bear the costs of that printing. Based on the description of the documents that has been repeatedly and consistently provided to the Court, there seems to be no reason why Plaintiff should have to print these documents. In light of the Court's ruling on this issue, Defendant is not required to reimburse Plaintiff for any printing costs, and there should be no need for any further submissions regarding printing of these materials. Second, as for any matters that are currently pending before Judge Román, this Court has no further update to provide—Judge Román will address those issues in due course.

5.    Plaintiff's motion at ECF No. 210 seeks to relitigate various issues that have been addressed by this Court in previous discovery rulings. This motion is DENIED. The Court will not revisit each of the issues in detail here. The Court has ruled previously that various redactions on privilege grounds were appropriate, and ordered Defendant to produce a privilege

log.  If Plaintiff has concerns with *specific items* on Defendant's privilege log, she must first raise those with counsel for Defendant.  If there is a *specific* dispute that the parties cannot resolve on their own, the issue may be raised with the Court.  Plaintiff may not simply make broad, generic statements about documents having extensive redactions—she must provide *specific* examples that the Court *has not already addressed*, and must do that only after meeting and conferring with counsel to attempt to resolve the disputes.

As to the various sweeping categories of documents that Plaintiff lists in her motion, the Court has ruled—repeatedly—that further discovery into these overbroad topics is not proportional to the needs of the case, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Despite previous rulings from this Court and from Judge Román, Plaintiff continues to attempt to litigate this case as though it were a lawsuit on behalf of numerous individuals, as opposed to what it is—a claim of discrimination based on specific allegations related to specific job opportunities that Plaintiff herself sought.  This Court will not order Defendant to undertake additional searches for additional documents.  Defendant has produced more than 60,000 pages of responsive materials, and counsel repeatedly has confirmed that Defendant has conducted thorough searches and has produced all documents responsive to the non-objectionable portions of Plaintiff's extensive discovery demands.

6.    Plaintiff's motion at ECF No. 211 seeks a further delay of Plaintiff's deposition. This application is DENIED.  Plaintiff's deposition must proceed on the date that the parties previously agreed to—May 28, 2025.  *See* ECF No. 204 at 4.  The Court will not delay Plaintiff's deposition any further—the deposition has been put off multiple times already, and it is long past time for Plaintiff's deposition to proceed.  At the deposition, Plaintiff will be asked questions, which she must answer honestly and truthfully.  These questions will largely be questions about

Plaintiff's own personal experiences and allegations—they will not require her to have an encyclopedic knowledge of Defendant's entire document production.  If Plaintiff is asked about the contents of a particular document during the deposition and she is not familiar with the document, she may simply say so.  If defense counsel then chooses to show Plaintiff the document so that he may ask questions about it, Plaintiff will be given an appropriate amount of time to review the document before answering questions about it.  And to the extent Plaintiff believes it is important for her to review more documents prior to the deposition—even though she likely will not be asked any questions about the vast majority of those documents—she may use the next several days to review as many of those documents as she can to prepare.

7.    Plaintiff's motion at ECF No. 212 requests that this Court reconsider its denial of Plaintiff's request that she be able to issue subpoenas for hearing or trial testimony.  This motion is also DENIED.  As the Court has stated previously, and as reiterated above, subpoenas for testimony at a hearing or a trial are improper at this time—there will not be any evidentiary hearing in this case, and there will only be a trial if Plaintiff's remaining claims survive Defendant's anticipated motion for summary judgment.

* * * * * * * * * *

The Clerk of Court is respectfully directed to terminate the gavels associated with the motions at ECF Nos. 202, 203, 205, 209, 210, 211, and 212.

The Clerk of Court is also respectfully directed to prepare signed versions of the five subpoenas authorized by this Decision and Order and to promptly mail copies of the signed subpoenas to Plaintiff so that she can serve the subpoenas on these entities. The approved subpoenas are the ones found at ECF Nos. 201-1, 201-2, 201-3, 201-4, and 201-5 *only*.

Finally, the Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: May 16, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge