UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHIRLEY DIMPS,

                          Plaintiff,                **DECISION AND ORDER**

           -against-                   17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                         Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This Decision and Order addresses Plaintiff's filings at ECF Nos. 217, 219, 220, 222, and 223. Each submission is considered in turn below.

**I.    Plaintiff's "Consolidated Motion" (ECF No. 217)**

      On June 3, 2025, Plaintiff submitted a filing, docketed as a "Motion for Reconsideration, Motion to Compel Compliance, Motion to Allow Witness Depositions, Motion to Enforce Due Process & Jury Demand, Motion for Extension of Time to Review Documents After Deposition, and Motion to Address Judicial Misrepresentation of Plaintiff's Arguments, Motion to Reinstate Harassment, Retaliation, and Hostile Work Environment Claims, and Motion to Expedite Rulings on Pending Rule 72 Objections." ECF Nos. 217 and 217-1 ("Consolidated Motion" or "Consolidated Mot.").[1] This "Consolidated Motion" contains eight separate motions requesting a variety of different forms of relief.

---

[1] The "Consolidated Motion" spans two docket entries—ECF No. 217 and ECF No. 217-1. ECF No. 217 contains the first 21 pages of Plaintiff's motions; the remaining 13 pages are docketed at ECF No. 217-1 as "Exhibits to Motion." The Court will use the single citation "Consolidated Mot." to refer to both of these docket entries.

A.      **Motion for Reconsideration of the Court's Denial of Pretrial Subpoenas**

Plaintiff requests that the Court reconsider its prior denial of certain pretrial subpoenas and that the Court authorize her to issue the subpoenas "for witnesses and document production relevant to DOCCS regulations and employment policies." Consolidated Mot. at 5.

On February 24, 2025, Plaintiff submitted a filing, docketed as a "motion for issuance of subpoena," seeking to subpoena documents and testimony from certain state and federal government agencies, as well as certain former and current employees of Defendant New York State Department of Corrections and Community Supervision ("DOCCS"), for purposes of a "hearing and/or trial." *See* ECF No. 189 at ECF pgs. 5-6, 9-10, 14-15, 15-16, 19; ECF No. 201 (proposed subpoenas submitted on Mar. 26, 2025); ECF No. 202 at 2 (motion seeking "the Court's approval of subpoenas *ad testificandum* and subpoenas *duces tecum*").

On May 16, 2025, the Court issued a Decision and Order permitting Plaintiff to proceed with five of the 18 subpoenas that she requested the Court authorize her to serve. *See* ECF No. 214 at 4-5. The Court denied Plaintiff's request to allow her to issue subpoenas which sought trial or hearing testimony and associated documents from 13 DOCCS employees. *Id.* at 3-4. The Court noted that "[b]ecause there is no scheduled date for any hearing or trial, it is not possible to issue subpoenas that require witnesses to appear on a particular date." *Id.* at 3. The Court further ruled that, to the extent that Plaintiff's subpoenas to the DOCCS employees sought the production of documents, the proper way to seek those documents was through Rule 34 of the Federal Rules of Civil Procedure—which Plaintiff has used extensively, and which has resulted in DOCCS producing tens of thousands of pages of responsive materials—and therefore the subpoenas were not authorized for that purpose. *Id.* at 4 n.2.

Plaintiff now asks that the Court: (1) reconsider its denial of the pretrial subpoenas to DOCCS employees; (2) authorize Plaintiff to issue the subpoenas to the DOCCS employees; (3)

2

recognize that subpoenas can be used in pretrial proceedings; (4) "provide guidance on an alternative method (such as depositions) if the Court sill denies pretrial subpoenas." Consolidated Mot. at 5.

"In the interests of finality and conservation of scarce judicial resources, the Court will grant reconsideration of its orders only in extraordinary circumstances." *Nutting v. Zimmer, Inc.*, No. 18-md-2859 (PAC), 2021 WL 4251906, at *1 (S.D.N.Y. Sept. 17, 2021) (cleaned up). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). Plaintiff has not pointed to any change in law, any new evidence, or any clear error or manifest injustice resulting from the Court's decision regarding the subpoenas, and indeed there is none. Accordingly, Plaintiff's motion for reconsideration of the portion of the Court's May 16, 2025 Decision and Order that denied her request to issue trial subpoenas to DOCCS employees is DENIED, and the request that the Court authorize the issuance of the subpoenas to the DOCCS employees is also DENIED.

While subpoenas certainly *can* be used in connection with pretrial discovery, Plaintiff here sought the issuance of subpoenas to DOCCS employees for trial testimony, which was not appropriate at this stage of the litigation. *See, e.g.*, ECF No. 201-10; ECF No. 214 at 3-4.

Finally, it is not the Court's responsibility to "provide guidance" to Plaintiff on alternative methods of obtaining testimony. The Court addresses Plaintiff's renewed request to take depositions of DOCCS witnesses in Section I.C below.

3

  **B.**  **Motion to Compel Compliance with the Appellate Mandate**

  Plaintiff requests that the Court: (1) enforce the appellate mandate issued on May 4, 2020; (2) ensure the case proceeds to trial; (3) hold a hearing to confirm compliance; and (4) recognize that any further denial of pretrial subpoenas or witness testimony contradicts the appellate mandate. Consolidated Mot. at 7-8.

  As the Court has explained repeatedly to Plaintiff, all of the proceedings that have taken place in the District Court since the decision rendered by the United States Court of Appeals for the Second Circuit on May 4, 2020 have been undertaken as a result of the issuance of the appellate mandate. The mandate returned the case to the jurisdiction of the District Court, and the case has been proceeding in the District Court accordingly. Just because Plaintiff has received decisions that she has not liked from Judge Román or from this Court does not mean that the proceedings in the District Court have been inconsistent with the mandate from the Court of Appeals. Plaintiff's objection here appears to be a generalized contention that the District Court has not engaged in the "proper adjudication" of this case, and that she has not been afforded "a fair opportunity to litigate this case fully." Consolidated Mot. at 8. This Court rejects these unsupported arguments. Because there has been no violation of the mandate from the Court of Appeals and no further action by the Court or by the parties is required in this regard, Plaintiff's motion to enforce the appellate mandate is DENIED.

  Moreover, as the Court also has explained repeatedly, it is premature to set a trial date in this matter. Defendant's counsel has indicated that DOCCS intends to file a motion for summary judgment. Only if Plaintiff's claims survive that motion will it be appropriate to set a trial date.

  **C.**  **Motion to Allow Witness Depositions**

  Plaintiff requests that the Court: (1) authorize Plaintiff to conduct depositions; (2) recognize depositions as an alternative method to subpoenaed testimony; (3) allow Plaintiff to

schedule and complete depositions; and (4) ensure Defendant's employees and former employees are available for depositions. Consolidated Mot. at 10-11.

Plaintiff has been given numerous opportunities to consider whether or not to take depositions in this case, and to report to the Court her preferences with respect to depositions. For example, there was extensive discussion of the possibility of Plaintiff taking depositions at the December 2, 2024 discovery conference, *see* Minute Entry dated 12/2/2024, and in an order memorializing the rulings from that conference, the Court was to receive a report by January 3, 2025 as to whether Plaintiff intended to take any depositions, and if so which witnesses she intended to depose, *see* ECF No. 166 at 2. At Plaintiff's request, the deposition deadline—and the deadline for Plaintiff to inform the Court as to whether or not she intended to take depositions—was extended multiple times. *See* ECF Nos. 174, 179, 184. The Court's understanding, based on discussions at the March 13, 2025 conference, was that Plaintiff had decided that she would not take any depositions. But subsequent correspondence between the parties that was submitted to the Court suggested that Plaintiff would, in fact, be interested in taking depositions if her attempt to secure testimony through "subpoenas" proved unsuccessful. *See* ECF No. 199 (including exhibits).

Plaintiff's motion to allow her to proceed with depositions is GRANTED. The Court will authorize one final extension of the deadline for completion of depositions to allow Plaintiff to take depositions of certain relevant DOCCS witnesses. This deadline has been extended numerous times already, and this phase of discovery must be brought to completion. The Court has repeatedly explained to Plaintiff that taking depositions involves substantial costs for the party taking the deposition, and that those obligations remain in place even for litigants who are proceeding *pro se*. If Plaintiff does still wish to proceed, she will have to commit to a specific

5

schedule for the completion of the depositions, and will have to be prepared to finalize that schedule at the next status conference with the Court. As an interim step, by July 2, 2025, Plaintiff must provide to Defendant's counsel and to the Court a list of the witnesses who she intends to depose.

### D. Motion to Enforce Due Process and Jury Demand

By her "motion to enforce due process and jury demand," Plaintiff asks that the Court: (1) acknowledge Plaintiff's right to a jury trial; (2) "[e]nsure all due process protections are upheld;" (3) schedule jury trial proceedings; and (4) "[p]revent procedural restrictions that unfairly impact Plaintiff." Consolidated Mot. at 13-14.

Both Plaintiff's Second Amended Complaint, ECF No. 96, and Defendant's answer to the Second Amended Complaint, ECF No. 130, contain jury demands, and the scheduling order issued by Judge Román on June 27, 2024, ECF No. 137, indicates that this case is to be tried to a jury. Accordingly, if there is a trial in this case, the trial will be a jury trial. As the Court has explained to Plaintiff on numerous occasions, however, this does not mean that this case is guaranteed to proceed to trial. Defense counsel has indicated that DOCCS intends to file a motion for summary judgment. If, and only if, Plaintiff's claims survive that motion will this matter proceed to trial. Accordingly, Plaintiff's request that the case be scheduled for a jury trial at this time is DENIED.

Further, this Court is already ensuring that due process protections are being upheld as they relate to both parties and ensuring that no alleged procedural restrictions are unfairly affecting either party in this case. Plaintiff's motion as it relates to those issues therefore is DENIED as moot.

6

E.  **Motion for Extension of Time to Review Documents After Deposition**

Plaintiff requests that she be granted an extension of time to allow her to review Defendant's document production before any briefing schedule is set for Defendant's anticipated summary judgment motion.  *See* Consolidated Mot. at 16-17.  The Court has not placed any restrictions or deadlines on Plaintiff regarding her ability review Defendant's document production; she may continue to review it as she desires while this case is pending.  Moreover, there is no schedule yet for Defendant to file a summary judgment motion, nor does the Court intend to impose such a schedule in the immediate future.  Because there is no pending deadline that requires an extension, Plaintiff's motion for an extension to continue to review documents produced in discovery is DENIED.

F.  **Motion to Address Judicial Misrepresentation of Plaintiff's Arguments**

Plaintiff requests that "this Court correct the record to accurately reflect Plaintiff's legal arguments and reconsider prior rulings impacted by procedural error and misrepresentations of Plaintiff's statements." Consolidated Mot. at 20.  This Court rejects the assertion that any prior decision of the Court "distorted" Plaintiff's legal positions or "misrepresent[ed] Plaintiff's statements." *See id.*  Plaintiff does not identify which parts of the record she believes need to be corrected, any specific purported "misrepresentation," or any supposed "procedural disadvantages" she allegedly has experienced.  The only reference to any prior ruling as part of this motion is to the Court's decision regarding Plaintiff's Rule 45 subpoenas; that motion for reconsideration has been addressed already in Section I.A above.  Accordingly, Plaintiff's motion is DENIED.

### G.  Motion to Reinstate Harassment, Retaliation, and Hostile Work Environment Claims

Judge Román issued an Opinion & Order on April 3, 2024 granting Defendant's motion to dismiss Plaintiff's Second Amended Complaint as it related to Plaintiff's claims of hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964. ECF No. 126. Plaintiff filed a motion for reconsideration of the April 2024 decision, *see* ECF No. 160, which Judge Román denied without prejudice on June 2, 2025, the day before Plaintiff filed the instant motion, *see* ECF No. 216. Accordingly, this duplicative motion for reconsideration, filed as part of Plaintiff's Consolidated Motion, is DENIED as moot.[2]

### H.  Motion to Expedite Rulings on Pending Rule 72 Objections

Plaintiff requests that the Court: (1) immediately rule on her Rule 72 objections; (2) expedite a ruling on Plaintiff's motion for reconsideration; and (3) provide a clear judicial timeline for addressing all outstanding issues. Consolidated Mot. at 33.

As discussed above, Judge Román issued an order on June 2, 2025 denying without prejudice Plaintiff's motion for reconsideration of his April 13, 2024 Opinion & Order. Accordingly, the portion of Plaintiff's "Consolidated Motion" that requests a ruling on her motion for reconsideration of Judge Román's April 2024 Opinion & Order is DENIED as moot.

In its April 10, 2025 order, this Court noted that Judge Román would address, Plaintiff's two pending Rule 72 objections to the undersigned's rulings related to her request to stay discovery and her request to amend the case caption. ECF No. 204. This Court reiterates that Judge Román will rule on these objections in due course. While this Court acknowledges and understands how important this matter is to Plaintiff, it is critical for Plaintiff to understand that

---

[2] The Court recognizes that Plaintiff refiled her motion for reconsideration again on June 9, 2025. That subsequent filing is addressed in Section III below.

8

Judge Román has hundreds of civil cases pending before him, all of which are important to the litigants in those cases, and he has numerous motions pending before him in those many cases. Plaintiff is not entitled to a "clear judicial timeline" for when all of her outstanding motions will be addressed. Accordingly, Plaintiff's motion for the Court to immediately rule on her Rule 72 objections and/or to provide a timeline for addressing outstanding issues is DENIED.

**II.     Plaintiff's Request for Judicial Review of Defendants' Privilege Log (ECF No. 219)**

On June 9, 2025, Plaintiff submitted a filing that has been docketed as "Plaintiff's Request for Judicial Review of Defendants' Privilege Log," ECF No. 219, and included with the filing a copy of Defendant's privilege log, ECF No. 219-1 ("Privilege Log"). Plaintiff requests that the Court: (1) order Defendant to provide a revised privilege log; (2) conduct an *in camera* review of privileged documents to assess whether they have been properly withheld; and (3) require the Defendant to provide further explanation for certain entries. ECF No. 219 at 6-7.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires a party withholding information on the basis of privilege to describe the nature of the documents, and, without revealing the privileged information, to do so in a manner that will enable other parties to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5)(A). Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires a party asserting a claim of privilege over documents, including emails, to provide in writing the following information specified in Local Civil Rule 26.2(a)(2)(A):

> (i) the type of document, *e.g.*, letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

*See* Local Civil Rule 26.2(b).

Plaintiff contends that the Privilege Log (i) does not adequately identify the senders or recipients of certain communications; (ii) does not contain sufficient information in the "subject" field to allow Plaintiff to assess the validity of the privilege assertion; and (iii) contains inconsistencies which call into question the validity of all of the privilege assertions. The Court has reviewed the Privilege Log as supplied by Plaintiff and will address each of Plaintiff's arguments.

First, for 55 of the 58 entries on the Privilege Log, there is at least one attorney listed as either the sender or the recipient of the communication. Nevertheless, because the non-attorney senders and recipients of certain communications are not identified, it is more difficult to evaluate the assertions of privilege for those entries. *See Go v. Rockefeller Univ.*, 280 F.R.D. 165, 175 (S.D.N.Y. 2012) (finding a privilege log insufficient because it "failed to identify the identities, titles, and roles or the authors, recipients, and those CC'd on these communications" (cleaned up)). Defendant must supplement the Privilege Log to include appropriate identifying information for all individuals—not just attorneys—listed in the "From" and the "To/Cc" fields of the Privilege Log.

Second, the requirement in Local Civil Rule 26.2(a)(2)(A) that the party withholding a document include in its privilege log "the general subject matter of the document" does not require an extensive summary of the communication. While many of the descriptions in the "subject" column of the Privilege Log—such as "any pending civil complaints from Shirley A. Dimps"; "Draft Legal Recommendation" (followed by Plaintiff's name and an internal complaint number); and "Forwarding question re CSEA Grievance Shirley Dimps"—are adequate, other entries in the Privilege Log do not provide enough information to allow Plaintiff to understand the nature of the communication. Certain entries list only "Shirley Dimps" as the subject of the

10

communication; others contain only the phrase "OR Aide"; still others are state only "Shirley Dimps [Inmate]," which is odd, given that Ms. Dimps was a DOCCS employee, not an inmate. In addition, descriptors that list nothing more than the caption and docket number of a civil lawsuit do not adequately provide "the general subject matter of the document." Defendant must supplement the Privilege Log to provide further descriptions of the documents for the following entries: Nos. 7, 9, 19-24, 36, 37, 40-44, 46, 47, 49, 51-56.

Third, the fact that Defendant revised a prior privilege designation (specifically, entry No. 5 on the Privilege Log) to provide additional information to Plaintiff when it became clear that certain information had been withheld in error does not cast doubt on all remaining privilege assertions. This type of revision is common in litigation, and if anything suggests that defense counsel is undertaking the appropriate level of diligence to confirm that items designated as privileged are, in fact, privileged. This is not a sufficient basis to require *in camera* review of all of the items listed on the Privilege Log.

Accordingly, Plaintiff's requests regarding the Privilege Log are GRANTED IN PART and DENIED IN PART. Defendant must provide a revised privilege log with the additional information specified above by no later than July 2, 2025, but Plaintiff has not set forth a sufficient basis at this time for the Court to conduct an *in camera* review of any of the documents designated as privileged. If, after receiving the revised privilege log, Plaintiff takes issue with specific entries, Plaintiff may make an application to this Court, by no later than July 23, 2025, identifying those entries and setting forth her arguments in favor of production. If the Court deems it necessary for Defendant to provide a response, the Court will issue a scheduling order setting a deadline for that submission.

### III.  Plaintiff's Motion for Reconsideration and Motion to Compel Discovery Compliance (ECF No. 220)

On June 9, 2025, Plaintiff submitted a filing that has been docketed as "Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59 and Motion to Compel Discovery Compliance."  ECF No. 220.

In his June 2, 2025 order denying without prejudice Plaintiff's motion for reconsideration of his April 2024 Opinion & Order, Judge Román invited Plaintiff to seek leave of Court to refile the motion for reconsideration with factual averments or arguments as to the possible bases for the Court to grant the motion.  *See* ECF No. 216.  The first part of Plaintiff's June 9, 2025 filing—which does not specifically refer to Judge Román's June 2, 2025 order, but does make use of the same legal standard cited by Judge Román in that order—appears to be Plaintiff's attempt to comply with Judge Román's directions regarding re-filing the motion for reconsideration.[3]  Accordingly, this Court will leave the determination of that portion of the June 9, 2025 motion at ECF No. 220 for Judge Román to evaluate.

The second part of the June 9, 2025 filing at ECF No. 220 is described as a motion to compel discovery compliance.  This motion reiterates requests for relief that Plaintiff raised in her Consolidated Motion less than one week earlier (regarding subpoenas, depositions, and an extension of time, among others) or in her separate motion regarding Defendant's privilege log filed in a different document *the same day*.  The Court has already addressed each of these issues in this Decision and Order.  *See, e.g.,* Sections I.C, I.E, and II, above.  Because all of the duplicative requests for relief included in the "motion to compel" portion of Plaintiff's filing at

---

[3] This Court notes that by filing this motion, Plaintiff did not "*seek leave of court* to file a [renewed] motion for reconsideration," as Judge Román had instructed, *see* ECF No. 216 at 2 (emphasis added), but instead just went ahead and filed the motion.

ECF No. 220 have been addressed by the Court already, this portion of the motion is DENIED as moot.[4]

## IV. Plaintiff's Status Update Regarding Subpoena Service (ECF No. 222)

In a filing that is dated June 7, 2025, but which was not entered on the docket until June 9, 2025, Plaintiff submitted what she labeled as "Plaintiff's Status Update Regarding Subpoena Service." ECF No. 222. Earlier on June 9, 2025—prior to this particular filing having been docketed—the Court granted Plaintiff's separately filed motion for an extension of time to serve the remaining subpoenas. *See* ECF No. 221. As set forth in that order, the deadline for service is now June 27, 2025. Also as set forth in that order, the Court cannot provide guidance or advice regarding the methods or requirements for service of process.

## V. Plaintiff's Motion to Address Procedural Error In Subpoena Service and Request for Court Intervention (ECF No. 223)

In another filing that is dated June 7, 2025, but which was not entered on the docket until June 9, 2025, Plaintiff submitted a "Motion to Address Procedural Error In Subpoena Service and Request for Court Intervention." ECF No. 223. Plaintiff asserts that the Court "interfered

---

[4] Throughout this Decision and Order are references to Plaintiff's duplicative filings—submissions where Plaintiff has requested the same relief multiple times, often in very short succession, without waiting for a decision from the Court. Indeed, on more than one occasion during the discovery phase of this litigation, Plaintiff has filed a flurry of motions while other motions she has filed have been awaiting decisions from the Court. *See, e.g.,* ECF Nos. 181-183, 200-203, 208-212. These repetitive filings are a waste of time and effort by the Plaintiff—there is no need to request the same relief multiple times, and it is improper and inefficient to burden the Court with several filings regarding the exact same issue.

Similarly, Plaintiff repeatedly has filed submissions asking for rulings on her previously filed motions. *See, e.g.,* ECF Nos. 170, 217. These filing are unnecessary—the Court reviews each of Plaintiff's motions as they are docketed and will always address them in due course. If anything, the constant filings hinder the Court's progress—in other words, rather than furthering Plaintiff's intended aim of receiving quicker rulings, the additional filings actually have the opposite effect. If Plaintiff continues this practice, the Court may have no choice but to restrict her filing privileges to permit her to submit only a single filing within a specified period of time.

13

with the normal subpoena service process" by including a "proof of service page" with certain of the subpoenas she requested, and requests clarification as to why those pages were attached. ECF No. 223 at 3. She also again asks that the Court "intervene to clarify service deadlines or alternative service methods" and again—*in a third separate filing, all submitted to the Court within a three-day period*—requests an extension of time to serve the two subpoenas affected by the purported "procedural error."

Again, as the Court has stated on multiple occasions, the Court cannot provide any guidance or advice regarding the methods or requirements for service of process, and Plaintiff's deadline to serve the two subpoenas she references in her motion has been extended to June 27, 2025. And finally, the Court also addressed the issue of the "proof of service" pages in its memorandum endorsement at ECF No. 221. The fact that a proof of service page was included with certain subpoenas and not others is simply a reflection of the form in which Plaintiff filed the proposed subpoenas at ECF No. 201—certain of the proposed subpoenas were filed with the "proof of service" page and certain of the proposed subpoenas were filed without that page. The versions of the documents that were endorsed by the Court are the versions that Plaintiff filed. Moreover, the "proof of service" page is part of the standard form Rule 45 subpoena; it is a form that may be completed by the individual or entity that serves the subpoena, and the presence or absence of this page should have no bearing on Plaintiff's ability to serve any the approved subpoenas.

* * * * * * * * * *

**An in-person status conference is hereby scheduled for July 9, 2025 at 12:00 p.m. in Courtroom 250 of the White Plains federal courthouse.** The purpose of this conference will be to address the plan for the depositions Plaintiff intends to take, along with any other

outstanding discovery issues in this case, and to set a firm deadline for the completion of all discovery. If either Plaintiff or Defendant's counsel has a conflict on this date, *before contacting the Court*, you must be in contact with each other promptly, determine at least three alternative dates/times (with the understanding that the conference will last no more than 90 minutes) that would work for both of you, and then submit a letter to the Court to request an adjournment.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 220 and 223, and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: June 23, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge