UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHIRLEY DIMPS,

                       Plaintiff,                     **DECISION AND ORDER**

        -against-                               17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                       Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       This Decision and Order addresses Plaintiff's filings at ECF Nos. 225, 227, 236, 240, 241, 242, 246, 247, 248, and 249.  Each submission is considered in turn below, in the order in which the filings were entered on the docket.

**I.**       **Plaintiff's "Notice Regarding Pending Motion to Review and Correct Deposition Transcript" (ECF No. 225)**

       On June 27, 2025, Plaintiff submitted a filing docketed as "Plaintiff's Notice Regarding Pending Motion to Review and Correct Deposition Transcript." ECF No. 225.  In this document, Plaintiff requests that her review and certification of the transcript of her deposition be conducted under the supervision of the Clerk of Court.  *Id.* at 2-3.

       Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to review the transcript of his or her deposition and to provide a signed "statement listing the changes and the and the reason for making them." Fed. R. Civ. P. 30(e)(1)(B).  Nothing in this rule contemplates that the deponent's review of the deposition transcript will be overseen by anyone, let alone a senior court employee such as the Clerk of Court.  It is simply not necessary for Plaintiff's review of her deposition transcript to be supervised.  Plaintiff should review the transcript on her

own, and if there are any changes to be made, should follow the requirements of Rule 30(e) with respect to those changes. Accordingly, Plaintiff's request that the Clerk of Court supervise the review and certification of her deposition transcript is DENIED.

II. **Plaintiff's "Supplemental Motion to Clarify Procedural Error and Request for Relief Under Rule 60(b)" (ECF No. 227)**

As noted in the Court's order of July 14, 2025, the version of the above-referenced submission that was entered on the docket appears to be missing pages. *See* ECF No. 238. The version on the docket consists only of a cover letter and what seems to be the final page of a document dated June 30, 2025. *See* ECF No. 238-1. In the July 14, 2025 order, the Court directed Plaintiff to refile the submission to the extent it was, in fact, missing pages. As of the date of this Decision and Order—July 31, 2025—no corrected version has been docketed. Accordingly, this motion is DENIED WITHOUT PREJUDICE. If Plaintiff files a corrected version of the motion, the Court will rule on the complete submission at that time.

III. **Plaintiff's Motion for Reconsideration (ECF No. 236)**

On July 7, 2025, Plaintiff filed a motion for reconsideration of "multiple procedural rulings and omissions," which, according to Plaintiff, have "undermined . . . [her] ability to litigate this civil matter fairly." ECF No. 236 at 2. This motion contains eight separate sub-motions requesting a variety of different forms of relief.

  A. **Motion for Reconsideration of the Motion to Compel**

On December 5, 2024, Plaintiff submitted a filing, styled as a motion to compel, requesting various forms of relief. ECF No. 167. This Court denied the motion in its entirety on December 17, 2024. ECF No. 174.

Plaintiff's purported grounds for reconsideration of this Court's December 17, 2024 order are that (1) this Court allegedly treated Plaintiff's motion to compel as a motion for

2

reconsideration, which foreclosed proper review of the motion; and (2) this Court did not respond to Plaintiff's "correction letter." ECF No. 236 at 4. As a threshold matter, it is far too late for Plaintiff to seek reconsideration of an order that was issued on December 17, 2024. Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires that a motion for reconsideration be filed within 14 days of the entry of the Court's determination of the original motion. *See* Local Civ. R. 6.3. This motion for reconsideration was filed more than *six months* after the December 17, 2024 order, and must be denied for that reason alone.

Nevertheless, this Court will briefly address Plaintiff's arguments. First, this Court did not interpret the December 5, 2024 filing as a motion for reconsideration—at no point in the December 17, 2024 order does this Court state that it is treating any portion of the December 5, 2024 motion as a motion for reconsideration. *See* ECF No. 174. The December 17, 2024 order resolved all of the issues in the motion to compel, without treating that motion as a motion for reconsideration. Second, Plaintiff's "correction letter" to Judge Román (ECF No. 180) was submitted in response to a memorandum endorsement by Judge Román (ECF No. 173) that does refer to the December 5, 2024 motion to compel (ECF No. 167) as a motion for reconsideration. But that reference is largely irrelevant, because this Court addressed the discovery matters in the motion to compel in its December 17, 2024 order. It is this Court's understanding that the only portion of the December 5, 2024 motion that Judge Román may have been considering as a motion for reconsideration was that portion of the motion labeled "Into another Forum," which suggested that Judge Román's April 3, 2024 opinion and order dismissing certain claims was not "handled correctly." *See* ECF No 167 at 5-6; *see also* ECF No. 179 at 3. That argument, which

3

also was raised by Plaintiff in her filing at ECF No. 160, was addressed by Judge Román in his order of June 2, 2025.  *See* ECF No. 216.

In sum, there is no further action to be taken with respect to any issue raised in Plaintiff's December 5, 2024 motion to compel.  This portion of Plaintiff's motion for reconsideration is DENIED.

**B.     Motion for Reconsideration of the Court's Denial of Pretrial Subpoenas**

Plaintiff *again* seeks reconsideration of this Court's denial of her request to authorize certain subpoenas.  A prior motion for reconsideration of this exact matter was filed on June 3, 2025, *see* ECF No. 217, and was denied by this Court in its decision and order of June 23, 2025, *see* ECF No. 224 at 2-3.  Plaintiff may not continue to file motions regarding matters that have been decided multiple times already.  This Court will not reiterate the same analysis it provided on this question just last month.  This improper motion for reconsideration is DENIED for the reasons set forth in Section I.A of the June 23, 2025 decision and order, and in the prior decisions cited therein.  *See* ECF No. 224 at 2-3.

**C.     Motion for Reconsideration of the "Judicial Delay in Ruling on Rule 72 Objections"**

There is nothing to "reconsider" with respect to this Court's prior explanation of the status of matters currently pending before Judge Román.  *See* ECF No. 224 at 8-9.  Plaintiff is still not entitled to a specific schedule for when all of her outstanding motions will be addressed.  There has been no violation of Rule 72 of the Federal Rules of Civil Procedure simply because Plaintiff is dissatisfied with the length of time that it has taken to address various filings.  Judge Román will rule on these objections in due course.  This aspect of Plaintiff's motion is also DENIED.

4

> D. **Motion for Reconsideration of the "Failure to Enforce the Appellate Mandate"**

Nothing has changed since this Court's most recent explanation of why there has been no violation of the appellate mandate in this matter. *See* ECF No. 224 at 4. Inexplicably, Plaintiff contends that "[t]rial preparation is still obstructed in 2025," yet it is *Plaintiff* who continues to delay completion of this phase of the litigation by repeatedly asking for extensions to complete discovery (which this Court repeatedly has granted). It remains the case that there has been no violation of the mandate from the Court of Appeals. Plaintiff's motion for reconsideration regarding compliance with the appellate mandate is DENIED.

> E. **Motion for Reconsideration of the "Denial of Due Process & Jury Trial Rights"**

Plaintiff offers no explanation of her assertion that there has been a denial of due process and jury trial rights. Plaintiff is correct that discovery remains ongoing. Summary judgment motion practice will only proceed after the completion of discovery. If any claims remain after the summary judgment stage, the Court will conduct a jury trial. This portion of Plaintiff's motion is DENIED.

> F. **"Judicial Error in Subpoena Recordkeeping"**

It is not clear what relief, if any, Plaintiff is requesting with this complaint about a purported "judicial error" regarding her subpoenas. Again, nothing has changed since this Court addressed this issue on June 23, 2025. *See* ECF No. 224 at 13-14. Plaintiff is directed to review the docket—specifically ECF No. 201—to see exactly how her own filing, which included a letter and numerous attachments, was received and entered on the docket. Any relief requested in this portion of Plaintiff's motion is also DENIED.

G.      **"Unresolved Supplemental Motion Dated June 30, 2025"**

Plaintiff notes that her motion dated June 30, 2025 remains "unresolved." This appears to be a reference to the filing at ECF No. 227. As set forth in Section II above, the docket entry for this filing appears to be missing pages. Once a complete version of that motion is refiled, the Court will be able to address it.

H.      **Request to "Reconsider Denial of ECF No. 210"**

Without any explanation or argument, Plaintiff includes in her "request for relief" a request that the Court reconsider its denial of the motion to compel at ECF No. 210. This Court addressed that particular motion to compel in its May 16, 2025 decision and order. *See* ECF No. 214 at 6-7. Again, under Rule 6.3 of the Local Civil Rules, it is too late for Plaintiff to file a motion for reconsideration of a decision and order that was issued on May 16, 2025. Moreover, Plaintiff has not pointed to any change in law, any new evidence, or any clear error or manifest injustice resulting from the Court's decision regarding the motion to compel, and indeed there is none. Accordingly, this portion of Plaintiff's motion is also DENIED.

* * * * * * * * * *

Plaintiff lists a variety of other items in her request for relief, without any legal argument or explanation. Many of those items have been addressed by the Court's rulings above. As for the others: the subject of depositions (items 4 and 5) will be discussed at the August 20, 2025 in-person conference; there is nothing stopping Plaintiff from continuing to review discovery materials (item 6); as stated numerous times, it is not the Court's role to "provide alternative discovery guidance" (item 10); the Court is not aware of any basis for Plaintiff to be reimbursed for subpoena costs (item 16); the Court is not aware of any challenge to the validity of any subpoena (item 17); and Plaintiff's age and employment status (item 18) is not relevant to the timing of the resolution of this matter.

IV.     **Plaintiff's Motion to Compel Production of Documents from the Equal Employment Opportunity Commission ("EEOC") (ECF Nos. 240 and 241)**

Based on the Court's review of Plaintiff's submissions regarding her discussions with counsel for the EEOC regarding the EEOC's response to Plaintiff's subpoena, it is apparent that this dispute is not yet ripe for the Court's review. Accordingly, the motion is DENIED WITHOUT PREJUDICE at this time.

Plaintiff apparently sent a supplemental letter to EEOC counsel regarding her concerns about the scope of the subpoena response on July 18, 2025, and she filed her motion to compel the same day. This means that the EEOC did not have an opportunity to respond to Plaintiff's additional concerns, or to take steps which may potentially further narrow the scope of the issues in dispute. Plaintiff must complete her discussions and negotiations with counsel for the EEOC. Only then is it appropriate for her to file a motion to compel compliance with the subpoena; that motion to compel must specify precisely which portions of the EEOC's subpoena response Plaintiff believes to be inadequate. In addition, any motion to compel must be provided to counsel for the EEOC so that the EEOC may respond to the motion.

The Court will briefly address two points raised in the motion. *See* ECF No. 241 at 3-4. First, the Court has not had any *ex parte* communications with any representative of the EEOC regarding this matter; it is not clear why Plaintiff would make this unsubstantiated accusation. Second, docket numbers 201-2 (Plaintiff's own filing with her proposed subpoena to the EEOC) and 214 (this Court's May 16, 2025 decision and order), as well as the second amended complaint, are publicly accessible documents that could be reviewed by anyone who accesses the public docket in this case. There is nothing confidential, sealed, or restricted in any of those documents. There is no "procedural mechanism" required for the EEOC—or any member of the public—to access these or any other documents on the public docket. This litigation is a public

proceeding, and everything filed on the docket is presumptively available for public review and inspection.

V. **Plaintiff's "Supporting Statement in Furtherance of Motion to Compel Production and Reconsideration of Subpoena Denial" (ECF No. 242)**

On or about July 21, 2025, Plaintiff filed a "Supporting Statement in Furtherance of Motion to Compel Production and Reconsideration of Subpoena Denial." ECF No. 242. Defendant's counsel filed a responsive letter dated July 22, 2025. ECF No. 243.

To the extent this filing is intended as yet another motion for reconsideration of the Court's May 16, 2025 denial of Plaintiff's request to issue subpoenas, the motion is DENIED. Again, under Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a motion for reconsideration must be filed within 14 days of the order in question. *See* Local Civ. R. 6.3. This motion for reconsideration, filed on July 21, 2025, was filed more than two months after the May 16, 2025 decision and order, and must be denied for that reason alone.

To the extent this filing can be construed as a motion to compel, that motion is also DENIED. Plaintiff's incredibly broad, sweeping demands for documents from various offices within DOCCS are not relevant or proportional to the needs of this case, which is a lawsuit concerning various positions for which this individual Plaintiff applied and was not selected. This issue has been raised repeatedly in different ways throughout discovery, and Plaintiff has not provided any compelling basis for the Court to revisit its prior rulings and conclusions. As an aside, the notion that Plaintiff has been "den[ied] access to cost-effective documentary evidence," *see* ECF No. 242, is particularly incredible in a case where tens of thousands of pages of documents have been produced in response to Plaintiff's numerous demands.

The Court understands that Defendant supplemented its Rule 26(a) disclosures to add the name of an additional witness and certain documents and categories of documents. Supplementing a Rule 26(a) disclosure is not just appropriate—it is required by Rule 26(e) of the Federal Rules of Civil Procedure. Defendant's counsel has made clear in his filing at ECF No. 243 that Defendant already has produced to Plaintiff all of the newly-referenced documents, and that Defendant has no objection to the additional Margaret Rehm to Plaintiff's list of potential deposition witnesses.

For all of these reasons, the relief requested in Plaintiff's filing at ECF No. 243—with the exception of the request to proceed with depositions, which will be addressed at the August 20, 2025 conference—is DENIED.

## VI. Plaintiff's Two "Emergency Motion(s) to Expedite Ruling on Time Sensitive Motions" (ECF Nos. 246 and 247)

The matters addressed in these motions have now all been addressed, either in prior orders of this Court, *see* ECF No. 245 (granting extension of the deadline for Plaintiff to review and provide corrections to her deposition transcript), or in this Decision and Order. Accordingly, these motions are DENIED AS MOOT.

## VII. Plaintiff's Motions for a "Protective Order" (ECF Nos. 248 and 249)

The matters addressed in these motions have been addressed. *See* ECF No. 245 (granting extension of the deadline for Plaintiff to review and provide and corrections to her deposition transcript). Accordingly, these motions are DENIED AS MOOT.

* * * * * * * * *

**As previously ordered,** *see* **ECF No. 232, an in-person status conference is set to take place August 20, 2025 at 11:00 a.m. in Courtroom 250 of the White Plains federal courthouse.**

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 227, 236, 241, 246, 247, and 249, and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: July 31, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge