United States District Court
Southern District of New York

_____X

**SHIRLEY A. DIMPS**
**SHIRLEY A. DIMPS,** CSEA Local
President (Until 6/2017)

                        Civil Action No. 17-cv-08806
      Plaintiff,          (NSR/AEK)
                        Do you want a Jury Trial? <u>Yes</u>

    vs.

**NYS DEPARTMENT OF CORRECTIONS**
**AND COMMUNITY SUPERVISION (DOCCS)**

      Defendant,

_____X

**PLEASE TAKE NOTICE** that the Plaintiff/Pro Se, Shirley Dimps move this Court before Honorable Andrew E. Krause, U.S. Magistrate Judge and/or Honorable Nelson S. Roman, District Court Judge of the United State District Court for the Southern District of New York, at the United States Courthouse located at 300 Quarropas Street, White Plains, New York 10601. The Defendant Attorney is Mr. Daniel S. Kirschbaum, 28 Liberty St. N.Y. N.Y 10005, 18th Floor.

===============================================================

## Proposed Plaintiff's Motion to the Court Requesting Extension if Necessary and Procedural Clarification

===============================================================

**MEMO ENDORSEMENT**

Plaintiff submitted a document dated July 31, 2025, which requests an extension of a July 29, 2025 deadline, as well as "procedural clarification" as to certain matters. This document was not entered on the docket until August 4, 2025. *See* ECF No. 253. Today (August 5, 2025), another filing -- a motion to compel production of documents from CSEA, dated August 4, 2025 -- has appeared on the docket. ECF No. 254. The filing dated July 31, 2025 (ECF No. 253) requests an extension of time to "initiate the meet-and-confer process" with CSEA. That clearly indicates that the motion to compel (ECF No. 254) was filed without any meet-and-confer discussions taking place.

The Court rules as follows: (1) Plaintiff's motion for an extension of the deadline to provide a further update on the status of her discussions with counsel for the CSEA (ECF No. 253) is GRANTED. Plaintiff must meet and confer with counsel for CSEA before pursuing relief via a motion to compel. Plaintiff's update regarding the negotiations between herself and counsel for CSEA must now be submitted by August 15, 2025. CSEA may (but is not required to) respond by August 22, 2025. The timing of this extension means that any issues with the CSEA subpoena will NOT be addressed at the August 20, 2025 conference. (2) Plaintiff's motion to compel production of documents from CSEA (ECF No. 254) is DENIED WITHOUT PREJUDICE. Plaintiff must meet and confer with counsel for CSEA first; if that process does not resolve the disputes, then Plaintiff may refile the motion.

The Court will also clarify certain misunderstandings in Plaintiff's July 31, 2025 filing. First, the Court did not docket the letter filed by counsel for CSEA --that letter was filed directly on the docket by counsel for CSEA on July 10, 2025. ECF No. 237. The Court issued a memo endorsement on that letter on July 15, 2025. ECF No. 239. Second, the Court's memo endorsement was mailed to Plaintiff on July 16, 2025 -- there was no delay between the Court's issuance of the order and the mailing of the order to Plaintiff. Thus, contrary to Plaintiff's representations and beliefs, there have been no delays in service of court orders. Third, the Court reviews filings on the docket when they are filed. Plaintiff's refusal to receive electronic notifications of court filings has led to the lag between Court review of docketed filings and Plaintiff's receipt of those filings by mail. This is a problem that Plaintiff could easily solve if she chooses to do so.

The Court reiterates again that many of these problems -- delays in receiving docket entries in the mail, uncertainty as to the timing of when items are filed on the docket, and more -- could be greatly reduced if Plaintiff, who clearly is a regular user of computers and electronic mail, would consent to receive docket notifications via email. That would be considerably more efficient for her and for the Court in a case that generates as much docket activity as this one. (Then again, page 38 of ECF No. 254-1 suggests that perhaps Plaintiff is receiving electronic notifications after all -- this can be addressed at the August 20, 2025 conference.)

The Clerk of Court is directed to terminate the motions at ECF Nos. 253 and 254 and mail a copy of this order to Plaintiff.

Dated: August 6, 2025

SO ORDERED.

ANDREW E. KRAUSE
United States Magistrate Judge