UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2025

SHIRLEY DIMPS

                          Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                        Defendant.

No. 17 CIV 8806 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    The Court is in receipt of *pro se* Plaintiff Shirley Dimp's motion for reconsideration dated June 9, 2025 (ECF No. 220), seeking that the Court reconsider its April 2024 Opinion & Order (ECF No. 126) dismissing *pro se* Plaintiff's hostile work environment claims in her Second Amended Complaint. A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Public Offering Sec. Litig.,* 399 F.Supp.2d 298, 300 (S.D.N.Y.2005) (internal citation and quotation omitted), *aff'd sub nom.* Furthermore, "[m]options for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Drapkin v. Mafco Consol. Grp., Inc.,* 818 F. Supp. 2d 678 (S.D.N.Y. 2011).

    The Court denied *pro se* Plaintiff's previous motion for reconsideration (ECF No. 160) on June 2, 2025. (ECF No. 216). *Pro se* Plaintiff now renews her motion for reconsideration, attempting to argue there was an intervening change in controlling law, that there is newly available evidence, and that reconsideration is necessary to correct a clear error or prevent manifest

injustice. (ECF No. 220). For the reasons discussed below, the Court does not find *pro se* Plaintiff's arguments persuasive, and once again denies *pro se* Plaintiff's motion for reconsideration.

### I.      Whether there has been an intervening change in the law

*Pro se* Plaintiff cites to three examples as purported intervening changes in the law, *Banister v. Davis*, 590 U.S. 504, 140 S. Ct. 1698, 207 L. Ed. 2d 58 (2020), an unidentified Ninth Circuit ruling, and unidentified EEOC regulations purportedly from 2025. Without specifying which Ninth Circuit ruling and which EEOC regulations she is referring to, *pro se* Plaintiff has left the Court unable to discern whether such caselaw and such regulations constitute intervening change in the law. Regarding *Banister*,  *Banister* was published in 2020, far before the Court's issuance of its Opinion and Order dated April 3, 2024, granting Defendants' motion to dismiss *pro se* Plaintiff's hostile work claims in her Second Amended Complaint. (*See* ECF No. 126.) It is clearly established that opinions and regulations that "were both known at the time of the [Opinion and] Order and [therefore] do not constitute an intervening change in prevailing law." *Strini v. Edwards Lifesciences Corp.*, No. 05-CV-440 GLS/DRH, 2008 WL 820192 (N.D.N.Y. Mar. 26, 2008). Thus, the Court cannot conclude that there was an intervening change in the law that would justify granting *pro se* Plaintiff's motion for reconsideration.

### II.     Whether there is newly available evidence

A motion for reconsideration may be granted where there is "newly available evidence that would affect the outcome of [a previous ruling]." *United States v. Posada*, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016). Evidence is newly available where it is "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 Fed. Appx. 76, 81 (2d Cir. 2012). Here *pro se* Plaintiff only states that "[s]ome of [her] documents were available and some were not accessible prior to dismissal." (Mot. P. 4.) This is

insufficient; it is not enough that *pro se* Plaintiff merely state that there were some documents that are only newly available, she must demonstrate why such documents would impact the outcome of the Court's previous ruling. *Posada*, 206 F. Supp. 3d 866 at 868. Without any further specification, *pro se* Plaintiff's motion leaves the Court unable to find there to be newly available evidence that would justify disturbing its previous ruling on *pro se* Plaintiff's motion for reconsideration.

**III.     Whether there is the need to correct a clear error or prevent manifest injustice**

A "major ground[] justifying reconsideration . . . [is] the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). In attempting to argue the Court needs to correct a clear error or prevent a manifest injustice, *pro se* Plaintiff largely "repeats the arguments previously made," stating again, for instance, the Court has failed to adhere to the "[a]ppellate mandate," and has therefore failed to meet the requirements for a motion for reconsideration." *Romero v. DHL Express (U.S.A), Inc.*, No. 15-CV-4844 (JGK), 2017 WL 395208, *1 (S.D.N.Y. Jan. 27, 2017). *Pro se* Plaintiff further argues that the Court violated Rule 56 of the Federal Rules of Civil Procedure, however, the Court notes that Rule 56 is inapplicable at this juncture in the case as the Court's previous Opinion and Order was with respect to a motion to dismiss, not a motion for summary judgment. (*See* ECF No. 126.) Finally, *pro se* Plaintiff asserts that there has been "[o]bstruction of [c]ase [p]rogression" because pending motions remain "unanswered." (Mot. p. 5-6.) Crucially, *pro se* Plaintiff does not clarify how this relates to the Court's Opinion and Order dismissing *pro se* Plaintiff's hostile work environment and retaliation claims as asserted in her Second Amended Complaint and how reconsidering the Court's previous Opinion and Order would prevent any corresponding clear error or manifest injustice. It is not even apparent what exactly the clear error or manifest injustice would

be here; *pro se* Plaintiff being frustrated with the progression of her case is not tantamount to there existing a clear error or manifest injustice that the Court must remedy through granting a motion for reconsideration. As a result, the Court must determine that *pro se* Plaintiff has failed to show that there exists a clear error or manifest injustice that would be remedied by granting *pro se* Plaintiff's motion for reconsideration.

Thus, because *pro se* Plaintiff cannot satisfy any of the three avenues through which a party can successfully argue a motion for reconsideration, the Court DENIES without prejudice *pro se* Plaintiff's motion for reconsideration. The Clerk of Court is kindly directed terminate the motion at ECF No. 220, to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:    August 6, 2025                                      SO ORDERED:
          White Plains, New York

_____
          NELSON S. ROMÁN
          United States District Judge

4