```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SHIRLEY DIMPS<br><br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,<br><br>　　　　　　　　　Defendant. | No. 17 CIV 8806 (NSR)<br><br>**OPINION & ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2025

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff Shirley Dimp's objections (Plaintiff's Objections "Pltf.'s Objections") (ECF No. 183) to Magistrate Judge Andrew Krause's rulings denying 1) her request to stay discovery and 2) her request to amend the case caption (ECF No. 179). For the reasons set forth below, the Court agrees with and affirms Judge Krause's rulings.

The relevant standard for a district judge reviewing an order from a magistrate judge is as follows: "[a] magistrate judge's rulings on a non-dispositive matter, including a discovery dispute, may be set aside only if the district court determines the rulings to be "clearly erroneous or contrary to law."" *Foli v. Metro-N. R.R.*, No. 23 CIV. 5982 (NSR), 2025 WL 636093 (S.D.N.Y. Feb. 27, 2025) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's ruling is "contrary to law if it fails to apply or misapplies the relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013). This standard, therefore, is highly deferential to the broad discretion afforded to magistrate judges handling discovery procedures.

1

Under such a deferential standard, the Court cannot find a basis to disagree with Judge Krause's rulings.

**Judge Krause's Decision to Deny *Pro se* Plaintiff's Request for a Stay of Discovery**

Judge Krause's decision to deny *pro se* Plaintiff's request for a stay of discovery as she seeks *pro bono* counsel was clearly rooted in relevant caselaw and federal rules of civil procedure. Judge Krause cited to the relevant standard, namely that the party seeking a stay "bears the burden of establishing its need*.*" *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)). *Pro se* Plaintiff has not done so. Her reasoning is that she needs the appointment of *pro bono* counsel, but fails to demonstrate, beyond her conclusory language that the case is "complex," that *pro se* Plaintiff is unable to handle the case without assistant. To the contrary, as Judge Krause noted, *pro se* Plaintiff has been litigating proficiently this case for over seven years, with multiple rounds of motion practice, all effectuated by *pro se* Plaintiff on her own.

This is not to say that *pro se* Plaintiff will not be entitled to *pro bono* counsel at a later stage – for instance, at summary judgment; however, at this juncture, given the lifetime of the case and its substantive history, the Court cannot find that it was an error on Judge Krause's part to find that a stay of discovery was not warranted so as to give *pro se* Plaintiff further time to retain counsel, especially when she has already had seven years to do so. Such a conclusion is in accordance with Federal Rules of Civil Procedure Rule 1, which holds that courts should ensure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Therefore, the Court denies *pro se* Plaintiff's objection to Judge Krause's ruling on whether to stay discovery and affirms Judge Krause's decision to that end.

**Judge Krause's Decision to Deny *Pro se* Plaintiff's Request to Amend the Case Caption**

Lastly, *pro se* Plaintiff objects to Judge Krause's decision to deny her request that the case caption be reinstated to include her title as "Local President of 176 at Taconic C.F." (Pltf. Objection's p. 7.) This request turns not so much on a question of law as it does on an issue of procedure. As Judge Krause correctly notes, Plaintiff's claims predicated on her prior role as a union official were dismissed by the Court on March 25, 2019 (*see* ECF No. 73) and affirmed by the U.S. Court of Appeals for the Second Circuit on May 4, 2020 (*see ECF* No. 80.) To that end, there is no basis to reinstate her title as a union leader when her claims related to her title were already dismissed by the Court, and *pro se* Plaintiff has neither identified caselaw nor a mistake in the record that would justify such a request. Thus, the Court denies *pro se* Plaintiff's objection to Judge Krause's rejection of *pro se* Plaintiff's application to amend the case caption and affirms Judge Krause's decision to that end.

In summary, the Court DENIES without prejudice *pro se* Plaintiff's objections to Judge Krause's rulings at ECF No 179. The Clerk of Court is kindly directed terminate the motion at ECF No. 183, to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:   August 7, 2025                                             SO ORDERED:
         White Plains, New York

                                                                    _____
                                                                    NELSON S. ROMÁN
                                                                    United States District Judge