

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 1, 2025

**<u>Via ECF</u>**
Honorable Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Dimps v. NYS Department of Corrections & Community Supervision*,
             No. 17 Civ. 8806 (NSR) (AEK)

Dear Judge Krause:

      This Office represents the United States Department of Justice ("DOJ"), a non-party which received a subpoena and *Touhy* request[1] from plaintiff Shirley Dimps ("Plaintiff") in the above-referenced matter. In this action, Plaintiff asserts a discrimination claim under Title VII against the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff's subpoena and *Touhy* request sought various records and data from DOJ related to DOCCS' employment practices. Plaintiff has now filed motions purporting to seek to compel responses from DOJ. *See* Dkt. Nos. 282-83.[2]

      I write respectfully to request a stay of Plaintiff's motions to compel due to a lapse in funding to DOJ.

      By way of background, Plaintiff sent a copy of a subpoena, and later a *Touhy* request dated August 25, 2025, to DOJ. DOJ issued a response and objections dated September 3, 2025. *See* Exhibit A. Among other things, DOJ objected on the grounds that Plaintiff's document requests were overbroad, unduly burdensome, and not proportional to the needs of the case; that Plaintiff's subpoena was procedurally flawed; and that Plaintiff's request was inappropriate to the extent it sought information protected by the attorney work product doctrine, the attorney-client privilege, the Privacy Act, or the law enforcement privilege. *See id.* at 3-6. The response also advised Plaintiff (while preserving all objections) that when her requests were appropriately construed to conform with prior guidance from the Court on the proper scope of discovery, this Office was unaware of any responsive materials in its possession. *See id.* at 6-7.

---

[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[2] To date, the U.S. Attorney's Office has not been notified that the motions have been served upon the Office or upon DOJ. However, this Office became aware that Plaintiff's motions were filed on the docket in this matter.

Furthermore, in response to additional correspondence from Plaintiff demanding that DOJ investigate her claims regarding DOCCS, DOJ sent Plaintiff a second letter dated September 17, 2025, explaining that *Touhy* was not a vehicle for Plaintiff to request a DOJ investigation or intervention in litigation of Title VII claims. *See* Exhibit B.

On September 29, 2025, Plaintiff filed two motions to compel in this action, which claim—inaccurately—that DOJ "has failed to acknowledge, respond, or comply with its regulatory obligations under" DOJ's *Touhy* regulations. *See* Dkt. Nos. 282-83. Contrary to Plaintiff's contentions, DOJ has appropriately responded to her requests by providing (i) a response to her *Touhy* request and subpoena, and (ii) a separate response addressing Plaintiff's unsupported demand for an investigation. *See* Exhibits A-B.

In light of the lapse in funding to the Department of Justice beginning today, Chief Judge Laura Taylor Swain entered a standing order dated October 1, 2025 (attached hereto as Exhibit C), which stayed "all civil cases (other than civil forfeiture cases) in which the United States Attorney's Office for the Southern District of New York has appeared as counsel of record for the United States, its agencies, and/or its employees," until "the business day after the President signs into law a budget appropriation that restores Department of Justice funding," and tolls all court deadlines for cases in which this Office has appeared during the duration of the government shutdown.

Because this Office had not entered an appearance in this matter as of the issuance of Chief Judge Swain's standing order, this case is not covered by that order. However, because counsel from this Office are generally furloughed as a result of the lapse in appropriations, I respectfully request that the Court stay Plaintiff's motions to compel as to DOJ, Dkt. Nos. 282-83, and permit the United States to file any response by 14 days after the date an appropriation restores funding to DOJ.

Thank you for your consideration of this matter.

Sincerely,

JAY CLAYTON

---

The DOJ's letter motion at ECF No. 285 is GRANTED. The DOJ's deadline to respond to Plaintiff's motions to compel is hereby stayed due to the lapse in federal government appropriations. The DOJ's deadline is hereby extended to 14 days following the resolution of the federal government shutdown and restoration of funding to the DOJ. Even though deadlines regarding the DOJ motion must be suspended at this time, the deadline for Plaintiff to complete depositions remains October 31, 2025, and the deadline to complete fact discovery remains December 1, 2025. The only potential exceptions to those deadlines will be for aspects of this case involving the DOJ and the EEOC. The Clerk of Court is directed to mail a copy of this memo endorsement to the *pro se* Plaintiff.

Dated: October 3, 2025

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge