

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Tower
300 Pearl Street, Suite 450
Buffalo, NY  14202-2504
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Buffalo Direct Dial:  (716) 431-5007
FAX:  (716) 551-4387
Website:  www.eeoc.gov

October 1, 2025

**Via ECF**
Honorable Andrew E. Krause, U.S.M.J.
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

    Re:  Dimps v. NYS Department of Corrections and Community Supervision (DOCCS) (17-cv-08806)

Dear Magistrate Judge Krause:

  The U.S. Equal Employment Opportunity Commission received a third-party subpoena from the Plaintiff on or around June 5, 2025 ("the Subpoena").  After conferring with the Plaintiff, the EEOC served the attached Response and Objections, which was accompanied by the attached document production.  In short, the Subpoena is overbroad, unduly burdensome, and requests privileged and confidential documents and information.  The Plaintiff has not since amended, revised, or in any way changed the Subpoena, but has instead moved to compel.  The EEOC intends to oppose that motion and make its own motion to quash.  Absent a date set by this Court, the EEOC's opposition to the motion to compel is due on Monday, October 6, 2025.  The EEOC hereby requests an extension of time to oppose the motion and move to quash due to the lapse in federal government appropriations.

  The EEOC is the government agency charged with interpreting, administering, and enforcing federal employment discrimination laws.  Federal government appropriations lapsed at midnight on October 1, 2025, and the EEOC is now shut down.  The EEOC is subject to the Antideficiency Act, which provides in part that an "officer or employee of the United States Government . . . may not . . . involve [the] government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law, 31 U.S.C. § 1341(a)(1)(B), and "may not accept voluntary services . . . or employ personal services exceeding that authorized by law except for emergencies . . . ."  31 U.S.C. § 1342.  Such emergencies "do[ ] not include ongoing, regular functions of the government the suspension of which would not immediately threaten the safety of human life or the protection of property."  *Id.*  Accordingly, the EEOC is prohibited from moving for the relief described above until funding is restored and the government is reopened.

  The EEOC seeks an order extending its time to respond to Plaintiff's motion to compel (and otherwise move) to fourteen days after the federal government shutdown is resolved and EEOC's funding is restored.

                                        Respectfully submitted,

                                        */s/ Caitlin O'Neil*

                                        Caitlin E. O'Neil
                                        Trial Attorney

Enclosures

cc: Shirley Dimps (via ECF)

---

The EEOC's letter motion at ECF No. 284 is GRANTED. The EEOC's deadline to oppose Plaintiff's motion to compel and file its own motion to quash is hereby stayed due to the lapse in federal government appropriations. The EEOC's deadline is hereby extended to 14 days following the resolution of the federal government shutdown and restoration of funding to the EEOC. Even though deadlines regarding the EEOC motion must be suspended at this time, the deadline for Plaintiff to complete depositions remains October 31, 2025, and the deadline to complete fact discovery remains December 1, 2025. The only potential exceptions to those deadlines will be for aspects of this case involving the EEOC and the U.S. Department of Justice. The Clerk of Court is directed to mail a copy of this memo endorsement to the *pro se* Plaintiff.

Dated: October 3, 2025

**SO ORDERED.**

*/s/ Andrew Krause*

_____

ANDREW E. KRAUSE
United States Magistrate Judge