UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHIRLEY DIMPS,

                              Plaintiff,                        **ORDER**

            -against-                          17 Civ. 8806 (NSR) (AEK)

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION (DOCCS),

                              Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This Order is designed to clarify the status of various motions regarding subpoenas served on the New York State Offices of the Inspector General ("OIG"), the New York State Department of Civil Service, the United States Department of Justice ("DOJ"), and the United States Equal Employment Opportunity Commission ("EEOC"), and to address matters raised by Plaintiff's filings at ECF Nos. 298 and 299.

      1.      Plaintiff has requested that deadline for completion of depositions be extended to January 31, 2026.  *See* ECF No. 298.  That application is GRANTED.  The Court is granting the application only because the pending motions regarding discovery from the above-referenced agencies have not yet been resolved, which is due in part to unavoidable delays as a result of the federal government shutdown.  The other grounds offered by Plaintiff for this extension would not otherwise have been sufficient.  In any event, the deadline for completion of depositions is extended to January 31, 2026, and the deadline for completion of fact discovery is extended to March 2, 2026.  The Court reiterates that no further extensions will be granted absent compelling justification.

2. Plaintiff's filing at ECF No. 299, styled as a "Preliminary Motion to Estimate and Preserve Litigation Expenses," is not properly designated as a "motion"—rather, it is Plaintiff's recitation of the expenses and categories of expenses she claims that has incurred as a result of this litigation, and a declaration of her intention to seek reimbursement of these expenses at some later point. The Court acknowledges receipt of this filing, but it is premature to discuss the possibility of Plaintiff being able to recover litigation expenses. Plaintiff would only potentially be eligible to recover certain litigation expenses if she is a prevailing party in this matter, at the conclusion of the case. Accordingly, there is no need for Plaintiff to make any further submissions regarding this issue.

3. Plaintiff has pending motions to compel directed at the EEOC. *See* ECF Nos. 281, 296. By order dated October 3, 2025, the Court extended the EEOC's deadline to oppose Plaintiff's motions to compel and to file its own motion to quash due to the federal government shutdown. *See* ECF No. 288. Pursuant to that order, the EEOC's new deadline—14 days following the resolution of the federal government shutdown—would be November 27, 2025. Because that is Thanksgiving Day, that deadline is automatically extended to the next business day that the Court is open, which is **Monday, December 1, 2025**. Plaintiff's deadline to respond to any motion to quash filed by the EEOC is **Monday, December 22, 2025**.

4. Plaintiff has pending motions to compel directed at the DOJ. *See* ECF Nos. 282, 283. By order dated October 3, 2025, the Court extended the DOJ's deadline to oppose Plaintiff's motions due to the federal government shutdown. *See* ECF No. 287. Pursuant to that order, the DOJ's new deadline—14 days following the resolution of the federal government shutdown—would be November 27, 2025. Again, because that is Thanksgiving Day, that deadline is automatically extended to the next business day that the Court is open, which is

**Monday, December 1, 2025**.  DOJ has not indicated that it intends to file a motion to quash.  Accordingly, no further submission from Plaintiff is required as to the DOJ.

5. Plaintiff filed a motion to compel directed at the OIG on October 8, 2025.  ECF No. 293.  The OIG filed a response on October 15, 2025.  ECF No. 295.  No further submissions are required in connection with this motion at this time.

6. Plaintiff filed a motion to compel directed at the Department of Civil Service on October 21, 2025.  ECF No. 297.  On October 29, 2025, counsel for the Department of Civil Service sent an email to Plaintiff and Defendant's counsel, copied to the Court, requesting that Plaintiff participate in an informal meet-and-confer discussion pursuant to Local Civil Rule 37.2 before the Department of Civil Service responded to the motion to compel.  It is not clear whether any such meet and confer discussion has taken place.  If no such discussion has taken place yet, Plaintiff is directed to have a meet-and-confer discussion with counsel for the Department of Civil Service by no later than December 5, 2025 to attempt to resolve any outstanding issues.  If that meet-and-confer discussion does not successfully resolve all issues, counsel for the Department of Civil Service must file an opposition to the motion to compel by **Friday, December 19, 2025**.  Plaintiff is hereby warned that a deliberate failure to participate in a meet-and-confer discussion may provide a basis for the Court to deny the motion to compel.  Going forward, the Court should not be copied on emails between counsel and Plaintiff; any communications with the Court should only be made by formal submissions via ECF.

7. **An in-person discovery hearing is hereby scheduled for Thursday, January 22, 2026 at 11:00 a.m. in Courtroom 250 in the White Plains federal courthouse.**  If the Court has not decided the motions to compel before that date, the Court will rule from the bench on the motions at that hearing.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 298 and 299, and to mail a copy of this Order to the *pro se* Plaintiff.

Dated: November 20, 2025
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge